## J. L. TALLEY v. THE STATE.

### No. 1801.   Decided May 1, 1912.

**1.—Selling Liquor to Minor—Statutes Construed.**

Article 593, Revised Penal Code, relating to the sale of liquors to minors, applies to express companies and common carriers alone; Article 622, Revised Penal Code, relating to such sales, applies to retail liquor dealers; and Article 1054, Revised Penal Code, to all persons other than the licensed retail dealer and express companies.

**2.—Same—Rules of Construction—Legislative Intent.**

The rules of construction require that such construction must be given to the Penal Code that all its provisions may be upheld if consistent with the intent of the Legislature.

**3.—Same—Venue—Statutes Construed—Boundary Line.**

Article 238, Revised Code Criminal Procedure, applies only to such laws which are in force in the county where the offense is alleged to have been committed and in the county where the prosecution is sought to be maintained, and where the offense is committed on the boundary of said counties or within four hundred feet thereof, the laws regulating the sale of intoxicating liquors in territory where the sale is permitted and providing penalties, etc., have no force and effect in territory where the sale is prohibited.

**4.—Same—Case Stated—Jurisdiction.**

Where defendant was indicted for selling and giving intoxicating liquors to a minor in a county where prohibition was in force because he sold such liquor as a licensed retail liquor dealer in an adjoining county one hundred feet from the county line, in which said last county prohibition was not in force, the prosecution could not be maintained.

**5.—Same—Character of Local Option Law.**

Under the Constitution providing that the sale of liquor might be prohibited in certain territory and permitted in other sections and also providing for local stock laws, while general in their nature in the sense that they become effective in all that territory where the people so decide by their ballots, yet they are local in the sense that they are not in force and effect where the people have not so decided.

**6.—Same—Sale of Intoxicating Liquors.**

The license laws regulating the sale of intoxicating liquors, and all provisions thereof are limited in their operation to the territory where the sale is permitted, while the prohibition laws and all provisions thereof are limited to the territory where prohibition has been adopted; this is authorized by the dual system under the Constitution.

**7.—Same—Legislative Power—Local Option Laws.**

The Legislature may pass laws to secure the enforcement of the prohibitory law or the stock law whenever and wherever adopted, and make them applicable to that territory alone; and may enact laws regulating the sale of intoxicating liquors, or the keeping of live stock, where not prohibited, and make such laws applicable alone to such territory; this is authorized by the Constitution.

**8.—Same—Limitations—Retail Liquor Dealer.**

The Legislature having limited the law licensing the retail liquor dealers to territory alone where the sale had not been prohibited, none of the provisions of that law are in force in territory where prohibition has been adopted.

**9.—Same—Venue—Want of Jurisdiction.**

Where the indictment charged a sale of intoxicating liquors by a licensed

retail liquor dealer in a prohibition county and the evidence showed that defendant is a retail liquor dealer a hundred feet from the line of said county in an adjoining county where such retail liquor dealing was not prohibited, the conviction could not be sustained.

Appeal from the County Court of Coryell. Tried below before the Hon. G. E. Johnson.

Appeal from a conviction of selling intoxicating liquors as a retail liquor dealer to a minor; penalty, a fine of $100.

The opinion states the case.

*Eidson & Eidson,* for appellant.—Cited Edmanson v. State, 64 Texas Crim. Rep., 413, 142 S. W. Rep., 887; Ollre v. State, 57 Texas Crim. Rep., 520, 123 S. W. Rep., 1116, and authorities cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—That we may intelligently pass on the first question presented, it may be stated that Coryell County had adopted prohibition, and a retail liquor dealer could not obtain license to sell intoxicating liquors in Coryell County under the provisions of chapter 17, Act of the Thirty-First Legislature, known as the Robertson-Fitzhugh law, for in section 1 of said Act it is provided, that licenses under said law may be issued only in counties, or subdivision of a county, justice precinct, city or town where local option is not in force.

Hamilton County in April last, at the date of the alleged offense, had not adopted prohibition, and appellant obtained license under the provisions of the Robertson-Fitzhugh law to sell intoxicating liquors in Hamilton County, and his saloon was located in Hamilton County, about one hundred feet from the Coryell County line. By section 19 of the Robertson-Fitzhugh law, being article 622 of the Revised Code, it is provided that one with license under the provisions of that Act who shall knowingly sell, give away or deliver or otherwise dispose of, or suffer same to be done, about his premises, any intoxicating liquor to a minor, shall be punished by a fine not less than $10 nor more than $200, or by imprisonment in the county jail for not longer than sixty days; or by both such fine and imprisonment. That this law applies alone to the licensed retail liquor dealer, is manifest by other provisions of our Criminal Code. Article 1054 of the Revised Code provides, that if a person shall sell or give, etc., any intoxicating liquor to a minor, he shall be punished by a fine not less than $25 nor more than $100, while article 593 makes it an offense for any express company or common carrier to deliver any intoxicating liquor to a minor, fixing a penalty. The rules of construction require this court to give such construction to the Penal Code that all its provisions may be upheld, if consistent with the intent of the Legislature, and in or-

der to sustain all three of the provisions relating to the sale of liquors to minors, it is necessary to apply article 593 to express companies and common carriers alone; article 622 to the retail liquor dealer, licensed under the Robertson-Fitzhugh law, and article 1054 to all persons other than the licensed retail dealer and express companies, and by so doing all three of the provisions of the Code, with their different penalties, can be upheld, and we think to do so is but giving force and effect to the intent of the Legislature in passing them, and it is not surprising that a heavier and different penalty was affixed to the licensed dealer than to the others named in the other two articles.

The grand jury of Coryell County at its July term, 1911, presented a bill of indictment, charging that J. L. Talley on or about the 28th day of April, A. D. One Thousand Nine Hundred and Eleven and anterior to the presentment of this indictment, in the county of Coryell and State of Texas, he, the said J. L. Talley being then and there a retail liquor dealer, and a malt liquor dealer, did then and there by and through one George Brunk who was then and there the clerk and agent of, and a person acting for, him, the said J. L. Talley, unlawfully and knowingly sell, give away and deliver about his premises intoxicating liquor to Ermon Chamlee, the said Ermon Chamlee then and there being a minor and a person under the age of twenty-one years, against the peace and dignity of the State.

As before stated, Mr. Talley was licensed as a retail liquor dealer in Hamilton County, had his place of business in Hamilton County, and the sale was made in Hamilton County, but within 100 feet of the Coryell County line. This indictment was returned by the Coryell County grand jury, under article 238, Revised Code of Procedure, which provides "an offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either county; and the indictment or information may allege the offense to have been committed in the county where prosecuted." This provision was first adopted in 1856 and was article 191 of that Code, and upon the proper construction of this article depends whether or not a licensed liquor dealer who sells to a minor in territory where prohibition is not in force can be prosecuted in a prohibition county for violating article 622 of the Penal Code, which relates to retail liquor dealers alone.

Since the adoption of article 238 (old Code 191) in 1856, the people of this State in amending their Constitution in 1876, provided for the adoption of prohibition in counties and subdivisions thereof, and the Legislature since then in adopting laws (and the courts have so construed them) has adopted and been compelled to adopt a different system of laws regulating the sale of intoxicating liquors in territory where the sale is permitted, and in territory where the sale is prohibited, and we are inclined to the view that laws regulating the sale of intoxicating liquors in territory where the sale is per-

mitted, and providing penalties for the violation of such laws, have no force and effect in territory where the sale is prohibited. Nor have the laws prohibiting the sale, and providing penalties for the violation of such laws any force and effect in territory where the sale is permitted, and if this be the correct construction, can a man be tried in Coryell County for violating a law which is not in force in that county? The statute above gives venue where a law is in force, but it puts in force no law. We, therefore, hold that the above quoted provision of the Code of Procedure, having been adopted when we did not have a dual system of laws, applies only to such laws, which are in force in both counties—that is the county where the offense is alleged to have been committed and in the county where the prosecution is sought to be maintained.

The citizenship of Texas in providing in their Constitution that the sale of liquor might be prohibited in certain territory and permitted in other sections, in providing that stock laws, prohibiting cattle from running at large in certain sections, etc., and permitting them to run at will in other sections, recognized and appreciated that the same laws would not be applicable to the conditions where if the sale of liquor was permitted or stock were permitted to run at large, as would be applicable where the sale was prohibited, or where it was prohibited for stock to run at large, and penalties for the enforcement of the different laws in force in different sections under different conditions, rendered necessary by conditions existing under those laws, would of necessity have to be adopted, and such laws would only be in force in such territory. We do not think for a moment it would be contended that if Coryell County should adopt the hog law, and Hamilton County refuse to adopt it, that if the hogs in Hamilton County went into Coryell County, and were caught within 400 yards of the Hamilton County line, that the hog law of Coryell County could be enforced in the County of Hamilton, and an information alleging that the hog law was in force in Hamilton County, undertaken to be proven by showing that Coryell County had adopted the law, would be sustained. Neither do we think if a citizen of Hamilton County went into Coryell County and bought intoxicating liquors from a boot-legger, that a prosecution could be maintained in Hamilton County, nor would an allegation that prohibition was in force in Hamilton County be sustained by proof that Coryell County had adopted prohibition. And if this could not be done, the statute under which appellant was prosecuted was no more in force and effect in Coryell County than was the prohibition law of Coryell County in force and effect in Hamilton County. These laws while general in their nature in the sense that they become effective in all that territory where the people so decide by their ballots, yet they are local in the sense that they are not in force and effect except where the people have so decided.

The license laws regulating the sale of intoxicating liquors, and all provisions thereof are limited in their operation to the territory where

the sale is permitted, while the prohibition laws and all provisions thereof are limited to territory where prohibition has been adopted. The Legislature generally so provides in the various Acts adopted to regulate in the one instance and prohibit in the other, but whether so provided or not, the Constitution which authorizes this dual system would so limit their operation and effect. The Legislature may pass laws to secure the enforcement of the prohibitory law or the stock law whenever and wherever adopted, and make them applicable to that territory alone; and may enact laws regulating the sale of intoxicating liquors or stock where not prohibited, and make such laws applicable alone to such territory. This is rendered necessary by the provisions of our Constitution, and the Legislature having limited the law licensing the retail liquor dealers to territory alone where the sale has not been prohibited, none of the provisions of that law are in force in territory where prohibition has been adopted, and the law under which appellant was convicted not being in force and effect in Coryell County, the County Court of that county had no jurisdiction over an offense committed against the license laws in Hamilton County. If appellant violated the license law in Hamilton County, he can be tried in the County Court of that county.

The indictment charging a sale of intoxicating liquor in Coryell County, a prohibition county, the punishment under the indictment would be as provided in article 597, for violating the local option law; and the evidence showing that appellant is a retail liquor dealer in Hamilton County, and that the sale, if any, took place in Hamilton County, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*