W. L. HUDSON AND A. M. SMITH V. THE STATE.

No. 14338.   Delivered June 17, 1931.

The opinion states the case.

*Watson & Watson,* of Crosbyton, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary against each defendant.

Before proceeding to dispose of this case upon its merits, we desire to call attention to the fact that by the agreement of the attorneys and with the approval of the court the two cases against separate defendants were consolidated in the court below. There is nothing in the record to show that this action was with the consent of the parties on trial. In fact one of said parties filed a sworn application for a severance, which was not granted, and the refusal of which is complained of in a bill of exception. The court gave but one charge, and but one judgment of conviction was entered, and both defendants appear to have been sentenced at the same time. Such attempts at consolidation in cases against different defendants almost inevitably leads to confusion and should be avoided, except where every possible precaution is taken. The application for severance made by defendant Smith should have been granted. Said application evidences his personal objection to being tried coincident with the trial of his codefendant.

Attention is called here to the fact that the indictment in this case appears to have been returned into the district court of Crosby county, although said indictment shows on its face to be the act of the grand jury of Lubbock county, which was duly impaneled, organized and sworn in Lubbock county, and the allegation in the indictment is that the intoxicating liquor in question was transported in Lubbock county. The original indictment returned by the grand jury in Lubbock county and having been filed, in the first instance, in the district court of Crosby county, and the case being tried in Crosby county, and the evidence show-

ing that the offense, if any, was committed in Crosby county, the prosecution must fall. The indictment is invalid, and the proof and the allegation do not correspond.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*