JEFF OWENS V. THE STATE.

No. 20,785. Delivered January 24, 1940.

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the sale of whisky in dry area. The punishment assessed is a fine of $100.

From the record it clearly appears that Comanche County, by virtue of an election held in 1909, is dry area. On the 22d day of June, 1939, J. M. Rich went to appellant's place of business, located about 100 yards from Comanche County in Erath County and purchased a pint of whisky from him. The evidence shows that appellant was operating a package store just across the line in Erath County, but clearly within 400 yards of Comanche County. Appellant offered no affirmative defense, but requested an instructed verdict on the grounds that the uncontradicted evidence showed that he was guilty of no offense. His request was overruled by the court and he excepted.

The prosecution apparently arose under and by virtue of Art. 190 C. C. P., which provides that where an offense is committed on the boundary of any two counties, or within four hundred yards thereof, an accused may be prosecuted in either county. The law prohibiting the sale of intoxicating liquor is a local law which applies only to those counties which have, as provided by the Constitution and Statutes, availed themselves by an election of the right to local option. Art. 190 C. C. P. is purely a venue statute and does not make an offense of an act which is legalized where committed. We find

no proof in the record at all that Erath County was dry territory. The prosecution in the instant case proceeded on the theory that an "offense" had been committed in Erath County. The proof does not bear out this supposition. Consequently the evidence is insufficient. See Talley v. State, 66 Tex. Crim. Rep., 342, 147 S. W., 255; Hutchins v. State, 40 S. W., 996; Earl v. State, 126 S. W. (2d), 664; Allen v. State, 126 S. W. (2d), 485; Sweeten v. State, 120 S. W. (2d), 1074; Stewart v. State, 102 S. W. (2d), 416; Hudson v. State, 40 S. W. (2d), 141.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.