## CARLTON LANCASTER V. THE STATE.

No. 21426. Delivered February 5, 1941.

The opinion states the case.

*W. H. Crunk* and *C. C. McKinney,* both of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for unlawfully transporting whisky in a dry area and his punishment was assessed at a fine of $500.00.

It was charged in the complaint and information that Delta County was a dry area by virtue of an election held within and for said county by the qualified electors to determine whether or not the sale of intoxicating liquor should be prohibited there; that said election was held on the 16th day of October, 1897, and resulted in favor of prohibiting the sale of intoxicating liquor within said county, etc.

Appellant's first complaint is that the trial court, at the conclusion of the testimony, declined to give to the jury his special requested instruction to return a verdict of not guilty. We are of the opinion that he was entitled to such an instruction because the testimony shows that if appellant transported any whisky he did so in Fannin County near the line between Fannin and Delta Counties. The trial court no doubt realized that the evidence failed to show that appellant ever entered Delta County while engaged in the transportation of whisky at the time in question, because he instructed the jury that if they believed from the evidence beyond a reasonable doubt that the defendant, in Delta County, or within four hundred yards of the boundary line of said county, transported whisky, to find him guilty. The court evidently was of the opinion that Art. 190, C. C. P. applied to cases of this nature and that is why he gave said article in his charge to the jury. The article mentioned is merely a venue statute and cannot transform a legal act into an illegal one. It is obvious that the sale or transportation of intoxicating liquor in a wet area, although within four hundred years of a dry area, would not constitute an offense. Since the sale or transportation of the whisky was presumptively legal, the evidence was insufficient to authorize a conviction, and the charge of the court was also erroneous. See Owens v. State, 138 Texas Crim. Rep., 297.

For the reasons indicated, the judgment of the trial court

is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.