# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Bert Ford
Administrator
Texas Liquor Control
Board
Austin, Texas

Opinion No. 0-4063

Re:  Under the facts submitted can a
complaint legally be filed and tried
in the dry area where the offense
takes place within another county which
is a wet area but within 400 yards of
the dry area county line?  And a re-
lated question.

Dear Sir:

Your letter of March 11, 1943, supplementing your let-
ter of February 23, 1943, regarding the above mentioned ques-
tions reads in part as follows:

". . . .

"The facts are as follows, to-wit:

"Defendant was arrested in Howard County, a
wet area, but within four hundred yards of the
Mitchell County Line, Mitchell County being a dry
area.  An inspector of the Texas Liquor Control
Board filed a complaint in Mitchell County against
the defendant charging him with the transportation
of liquor in a wet area without the proper permit.

"Section 4(a), Article 1, Texas Liquor Con-
trol Act reads as follows:

"'It shall be unlawful for any person to manu-
facture, distill, brew, sell, possess for the pur-
pose of sale, import into this State, export from
the State, transport, distribute, warehouse, store,
solicit, or take orders for, or for the purpose of
sale to bottle, rectify, blend, treat, fortify, mix,
or process any liquor in any wet area without first
having procured a permit.'

"Article 190 of the Court of Criminal Proced-
ure reads as follows:

"'An offense committed on the boundary of any
two counties, or within four hundred yards thereof,
may be prosecuted and punished in either county.'

"Your valued opinion is requested on the fol-
lowing matters:

"1. Can the above mentioned complaint which was filed in Mitchell County, a dry area, be legally tried in the said county, charging that the offense took place in the adjoining County of Howard, a wet area, but within four hundred yards of Mitchell County line.

"I refer you to the case of Talley versus State, 147 S.W. 255, which would indicate that the law must have the same application in both counties and under the above stated facts and law quoted it is doubtful that the law does apply the same in a wet area as in a dry area.

"2. If the above mentioned complaint cannot be legally tried in Mitchell County, then could a complaint be legally filed and tried in Mitchell County County under the same fact situation as outlined above, but, instead of charging defendant with transporting liquor without a permit, but charging him with violating Section 27(a) of Article I, Texas Liquor Control Act which reads as follows:

"'It shall be unlawful for any person to transport into this State or upon any public highway, street, or alley in this State any liquor unless the person accompanying or in charge of such shipment shall have present and available for exhibition and inspection, a written statement furnished and signed by the shipper. showing the name and address of the consignor and the consignee, the origin and destination of such shipment, and such other information as may be required by rule and regulation of the Board. It shall be the duty of the person in charge of such shipment, while the same is being transported, to exhibit such written statement to the Board or any of its authorized representatives or to any peace officer making demand therefor, and it shall be unlawful for any person to fail or refuse to exhibit the same upon demand. Such written statement shall be accepted by such representative or officer as prima facie evidence of the lawful right to transport such liquor.'

"In the above fact situation we might further add that the defendant possessed neither a permit or written statements as contemplated by the Texas Liquor Control Act."

Paragraph (b) of Article 666-4, Vernon's Annotated Penal Code provides:

"It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale."

Article 666-23(a), Vernon's Annotated Penal Code provides in part:

"(1). It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal.

"(2). Possession of more than one quart of liquor in a dry area shall be prima facie evidence that it is possessed for the purpose of sale.  As amended Acts 1937, 45th Leg., 1st C.S., S.B. #20, § 9.

"(3). It is provided that it shall be lawful for the holders of Carrier's and Private Carrier's Permits to transport liquor from one wet area to another wet area where in the course of such transportation it is necessary or convenient to cross a dry area.

". . . ."

It will be noted that under paragraph (a), Article 666-4 to transport any liquor in any wet area without first having procured a permit is unlawful.  It will be further noted that under paragraph (b), Article 666-4 that it is unlawful to transport any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale in a dry area.  It is our opinion that Article 666-23(a), supra, is a defensive statute designed to afford one accused of transporting liquor in violation of paragraph (b), Article 666-4, a complete defense against the charge so made.  In other words, upon the accused making proof that he was transporting alcoholic beverages for his own consumption from a point of purchase to a given destination, his innocence would be established.  Also where a holder of a carrier's permit

or a private carrier's permit was charged or accused of transporting liquor in violation of paragraph (b) of Article 666-4, upon the accused making proof that he was transporting liquor from one wet area to another wet area where, in the course of said transportation, it was necessary or convenient to cross a dry area would be a complete defense against the charge so made. We do not think that the offense of transporting liquor in a wet area without a permit and the offense of transporting liquor in a dry area are the same offenses. Therefore, it is our opinion that your first question should be answered in the negative and is so answered. (See the cases of Talley v. State, 147 S.W. 255 and Lancaster v. State, 147 S.W.(2) 476.) In other words, before the party mentioned could be prosecuted in Mitchell County for an offense committed in Howard County but within four hundred yards of the county line, the offense that the accused was charged with would have to be the same in both counties.

With reference to your second question, we direct your attention to our opinion No. 0-1882 construing paragraph (a) of Article 666-27, Vernon's Annotated Penal Code. We quote from this opinion as follows:

"We think this section has reference to shipment of liquor, as that term is ordinarily used and understood, as where a person orders liquor and it is delivered to him either by common carrier or agent for the consignee or consignor. It is our opinion that the same is not applicable to the situation presented by your statement of facts."

We think that the above mentioned opinion (No. 0-1882) answers your second question. As this opinion was addressed to you we are not enclosing a copy of the same.

APPROVED MAR 17, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

AW:mp:wb

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant