DONALD CRAWFORD V. STATE.

No. 24146. November 10, 1948.

Hon. R. M. Leath, Judge Presiding.

*Gordon R. Wellborn,* of Henderson, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws of Rusk County, and assessed a penalty of a fine of $100.00 and confinement in jail for 60 days, from which conviction he appeals.

We think it is properly shown in the statement of facts that

the election in the year 1903 resulted in prohibiting the sale of intoxicating liquors in said county and that the Commissioners' Court entered and had published its order prohibiting such sales.

As a part of his defense appellant proved by a witness that the sale, if any, took place in Panola County rather than in Rusk County; and there is no showing relative to the wet or dry status of Panola County.

Appellant requested the trial court to charge the jury in substance that before they could convict appellant of the sale testified to by the State's witnesses, they should believe beyond a reasonable doubt that such sale took place within 400 yards of the Rusk County line. This matter was called to the trial court's attention in the objections to the court's charge as well as by Bill of Exception No. 8; and again in Bill No. 10, but the court denied the request to give the same. This charge requested by appellant, under the record here presented, was more restrictive of his rights than the law prescribes. In order to allow the enforcement of the local option laws of one county for 400 yards into another adjoining county, the proof should show that such adjoining county was also a dry area under the local option laws. This proof is not found in the record relative to Panola County. See Owens v. State, 138 Tex. Cr. R. 297, 135 S .W. (2d) 997; Lancaster v. State, 141 Tex. Cr. R. 81, 147 S. W. (2d) 476. The court was in error in refusing to charge the jury relative to the offense having been committed in the adjoining County of Panola.

We suggest that if this cause be tried again, a further information should be filed showing the proper date of the holding of this election.

The judgment is reversed and the cause remanded.