## S. MARKS v. THE STATE.

### No. 3294.    Decided February 7, 1906.

**Local Option—Hearsay Evidence.**

Upon a trial for a violation of the local option law where the evidence showed that the prosecutor was seen coming out of defendant's store, and then had a conversation with another State's witness, who asked him what he did with the whisky he got, and that thereupon the witness got the whisky, etc., all of which was in the absence of defendant, the same was hearsay and inadmissible.

Appeal from the County Court of Hill. Tried below before Hon. N. J. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. E. Spell, Walter Collins* and *Lewis & Phillips,* for appellant.— Campbell v. State, 30 Texas Crim. App., 645; Wilson v. State, 51 S. W. Rep., 916; Mercer v. State, 66 id., 555; McClure v. State, 53 id., 111; Feinstein v. State, 73 id., 1052.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction for violating the local option law. Bill of exceptions number 4 shows that the State placed Jim Simpson on the stand, "and asked witness what he did with the whisky after witness Hooks asked him about it. And witness was permitted to answer, over objection of defendant: 'Mr. Hooks says I know you hid it, and you get it; you are not into anything; but he says, if you go up and swear a lie, you will be into it, and they will send you to the penitentiary. He told me to go and get it, and I went and got it, and he says, you come and go to town, and he brought me to the sheriff's office, and gave it to Mr. Satterfield.' " Bill number 3 shows that while the same witness, Simpson, was on the stand, State's counsel asked, "If the witness Hooks called on him for anything down at the compress and if so, what he called on him for." To which defendant objected, because immaterial, out of the presence of defendant, and called for a conversation between the two witnesses. Which objections were overruled and witness answered, "That Mr. Hooks asked him what he did with that whisky he got from Marks." All of this testimony was elicited from the witness as a conversation out of the presence and hearing of defendant; was hearsay and highly prejudicial to the rights of defendant. The facts show that prosecutor, Jim Simpson, was seen coming out of defendant's store, and subsequently, while at the compress, witness Hooks had the conversation with him above detailed. It is never permis-

sible to prove conversations between third parties out of the presence
of defendant, which have a criminative effect upon defendant. We
would not be understood as holding that each witness could not tes-
tify to what he saw; what he did, if the same had any pertinent bear-
ing upon the identity of the whisky which is alleged to have been
sold; or either of the witnesses can testify to any fact that goes to
identify and connect appellant with the sale of the whisky.

Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*