## WASH GREEN v. THE STATE.

### No. 4114.   Decided June 23, 1909.

**1.—Theft of Hogs—Evidence—Res Inter Alios Acta.**

Upon trial for theft of a hog the court erred in admitting the testimony as to what occurred between third parties, to wit, an alleged accomplice and the alleged owner of said hogs and their declarations with reference thereto, in the absence of the defendant. Following Cannada v. State, 29 Texas Crim. App., 537, and other cases.

**2.—Same—Declarations of Accomplice—Evidence.**

Declarations of an accomplice made subsequent to the completion of the offense, and in the absence of the defendant, are inadmissible in evidence.

3.—Same—Accomplice—Corroboration—Charge of Court.

Where upon trial for theft of hogs the evidence raised the issue that State's witness was an accomplice, the court should have charged on accomplice testimony and corroboration.

4.—Same—Charge of Court—Singling Out Testimony.

Upon trial for theft of hogs, the court erred in selecting one out of the three alleged hogs and charging the jury specifically with reference to it, after having given a general charge in regard to the theft of all of the hogs.

Appeal from the District Court of San Augustine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of theft of hogs; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for hog theft, the indictment alleging that appellant stole three hogs from Jack Davis.

1. Renfro was used as a witness by the State. Without going into a detailed statement of the evidence the issues, with more or less cogency of fact, suggested by the record are first, that the hogs belonged to Davis; second, that appellant claimed the hogs, and took them believing they were his. Renfro testified in substance that he found the hogs and informed appellant of their whereabouts, and that he assisted appellant in getting up the hogs, and that when they were taken up he took one of them and the other two were taken by appellant and carried to their respective homes. Renfro took the hog he obtained home and had it at his residence where the alleged owner found the hog. Objection was urged to the introduction of what occurred between Renfro and the alleged owner when he set up claim and obtained this animal. The bill of exceptions is substantially as follows: Irvin Renfro being upon the stand stated in answer to questions by the State's attorney in substance that he had received from defendant one sandy spotted sow. That afterwards Jack Davis claimed the sow. That they caught the sow and that he then for the first time discovered that said sow was marked with an underslope in each ear and an overbit in one ear and that he then gave said sow up to said Jack Davis. He further stated in substance that he was acquainted with the defendant's hogs; that he had found the three hogs alleged to have been stolen; that he believed them to be defendant's hogs, and so notified the defendant. That he agreed with the defendant to assist him to find and get up the said hogs for one of said hogs. That he did assist the defendant to get up said hogs, etc., and that defendant was not present and

knew nothing about the transaction occurring between himself and Davis. Whereupon defendant objected to all of said testimony concerning the transaction between said witness Renfro and Jack Davis, and asked the court to instruct the jury not to consider the testimony for any purpose for the reason that it was hearsay, and immaterial to any issue in the case, and for the further reason that· if said hogs were stolen, the said witness Renfro was an accomplice and no acts or declarations of his made in the absence of the defendant after the commission of the offense were admissible for any purpose and were calculated to injure appellant before the jury. We think the objections are well taken. This question has been the subject of several decisions by this court and this character of testimony has been held to be res inter alios acta and not binding upon the party upon trial. In support of this conclusion see Cannada v. State, 29 Texas Crim. App., 537; Clay v. State, 40 Texas Crim. Rep., 556; Cannada v. State, 24 S. W. Rep., 513; Thompson v. State, 42 Texas Crim. Rep., 140; Ballow v. State, 42 Texas Crim. Rep., 263. In regard to the other exception to the evidence to the effect that Renfro was an accomplice and the declarations made by him subsequent to the offense being admissible, we would say that if as a matter of fact Renfro was an accomplice, his declarations subsequent to the completion of the offense in the absence of the defendant would be inadmissible.

2. The evidence, we think, with sufficient certainty raises the issue of Renfro being an accomplice; so that the law in regard to that phase of the testimony should have been charged to the jury. Without going into a detailed statement of the testimony not only of Renfro, but other facts in the case showing his connection with the hogs, it is certain if the hogs were stolen, Renfro was connected with the matter from beginning to end; that he discovered the hogs, informed appellant of their whereabouts, that he assisted in taking the hogs, for which he received one of the three taken. Without going further into this testimony, we think the issue should have been submitted to the jury to the effect that if Renfro was an accomplice his testimony should be corroborated. In fact, under the evidence it occurs to us if the hogs were stolen that Renfro was sufficiently apprised of that fact to require the court to at least submit the issue to the jury.

3. This brings up an exception to the court's charge, which is as follows: "If the hogs were fraudulently taken, that is, with a fraudulent intent and he gave one of them to the witness Renfro for assisting him in gathering them up, such would be an appropriation of the hog, for his own use and benefit as much as if he had killed and ate it, and he would be none the less guilty of the theft, if guilty at all because he gave one of the hogs to the said Renfro." Several objections are urged to this charge, among others, that it selected one fact or one phase of the case, at least evidence

in regard to only one of the hogs taken and charged specifically with reference to that after having given a general charge in regard to the theft of the three hogs, and that this charge, under the circumstances is a charge upon the weight of evidence. We are of opinion that the position of appellant is correct. The court had already given a charge in regard to the theft of the hogs, and if appellant committed the theft at all, the three hogs were taken at the same time. It was error for the court to select out this particular animal and charge the jury specially with reference to it. This gave undue prominence to this testimony and directed the jury to the fact that the taking and appropriation of this particular hog was fraudulent. Under the circumstances we think this was also a charge on the weight of evidence and of such character as was calculated to injure appellant's case before the jury.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*