### D. P. McADAMS v. THE STATE.

#### No. 234.   Decided January 26, 1910.

#### Rehearing denied April 13, 1910.

**1.—Local Option—Evidence—Acts of State's Witness.**

Upon trial of a violation of the local option law, it was competent to show the possession of the alcohol, on the day of the sale and immediately following it by the prosecutor, and his action in trying to hide it and his statement denying that it was alcohol.

**2.—Same—Misconduct of the Court—Trial of more than one Case at a Time.**

Where two cases of the same character, involving a violation of the local option law and against the same defendant, were submitted to the court in succession, and the court took both of them under advisement and in the first case acquitted the defendant, and in the next convicted him, and tried each case upon the evidence submitted in each case, the contention that the court considered evidence in the first case in arriving at his conclusion in the second was untenable.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the conviction was sustained by the evidence, there was no error.

Appeal from the County Court of Erath.   Tried below before the Hon. J. B. Keith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Lee Riddle* and *J. A. Johnson* and *Martin & George,* for appellant. —On question of admitting acts and declarations of third parties in the absence of defendant:   12 Cyc., 432; Largin v. State, 37 Texas Crim. Rep., 574, 40 S. W. Rep., 280; McClure v. State, 53 S. W. Rep., 110; Patrick v. State, 45 Texas Crim. Rep., 587, 78 S. W. Rep., 947; Suggs v. State, 46 Texas Crim. Rep., 151, 79 S. W. Rep., 307; Vauter v. State, 83 S. W. Rep., 186; Johnson v. State, 42 Texas Crim. Rep., 618, 62 S. W. Rep., 756; Goodman v. State, 47 Texas Crim. Rep., 388, 83 S. W. Rep., 196; Craddick v. State, 48 Texas Crim. Rep., 385, 88 S. W. Rep., 347; Pool v. State, 48 Texas Crim. Rep., 478, 88 S. W. Rep., 350; Lara v. State, 48 Texas Crim. Rep., 568, 89 S. W. Rep., 840; Peacock v. State, 52 Texas Crim. Rep., 432, 107 S. W. Rep., 346, and cases cited in opinion.

On question of trying two cases at the same time, etc.:   Hargrove v. State, 51 Texas Crim. Rep., 47, 99 S. W. Rep., 1121.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—On a trial before the court without a jury in Erath County, on May 24, 1909, for selling intoxicating liquors therein in violation of law, appellant was convicted, and appeals to this court. seeking a reversal of said judgment of conviction. The testimony of the State was adduced through one Luke Jones, who testified in substance that he occupied the position of scavenger in Stephenville; that about the first of April he went to appellant's place of business, who it seems was a druggist, to collect from him fifty cents; that when the bill was presented appellant stated to him that he had no money; that thereupon witness asked appellant if he reckoned he could find anything in there, to which appellant replied he might, and at the time appellant stated to him, witness, there was some white men back there and for him to come back later; that the witness went out and was gone about thirty minutes and returned to the store; that at the time McAdams was making a sale to someone and the witness went in the back part of the store and got a peruna bottle, and returned to the room and poured out some stuff which he later stated was alcohol; that about the time he was fixing to leave the place appellant came back to where he was and asked him if he had made it all right, to which the witness replied that he had; that he, witness, then left the store and went out· where his wagon was some distance away and put the alcohol in his pocket; that there was no one present in the immediate place where the alcohol was obtained. The sale was squarely denied by appellant, whose reputation for truth and veracity was shown to be good. Appellant also produced a witness who testified that the bill was paid in money and a receipt given for same. In an effort to sustain the State's witness Jones, John Barham was produced, who testified, over the objection of counsel for appellant, that he saw Jones on the day in question in a store adjoining that of appellant, into which Jones had gone, and followed him up and out where his wagon was; that he saw him rolling something up in his coat and said to him, "Give me that gun and give me that bottle of whisky;" that at this time the witness said what he had was medicine; that the witness Jones did not want him to see it and then said it was peruna, and finally owned up that it was alcohol. This witness identified the bottle which he had received from Jones. The statement of facts shows that this was the testimony adduced through this witness on inquiry by the State. On cross-examination it was developed that Jones said that he went and got the whisky and that McAdams did not get it for him, and that "he testified in the court of inquiry about what he did here." We think that the testimony introduced by the State was not subject to the objection made by appellant. It would not have been competent for the State to have proven any declarations or statements undertaking to connect appellant with this sale. It was, we think, competent to. show the possession of the alcohol on

the day of the sale and immediately following it, by the witness, and to introduce and identify the liquor so found in his possession. The case relied on by counsel for appellant, Green v. State, 56 Texas Crim. Rep., 599, 120 S. W., 1002, and Marks v. State, 49 Texas Crim. Rep., 274, 92 S. W., 414; and others do not contravene this rule to the extent of showing his possession of intoxicating liquors on the day of the sale. This testimony was admissible and it went no further than this, except that in the first statements the witness merely denied the character of the liquor in his possession.

2. The next question raised is the supposed misconduct of the court in the trial of the case. It seems that two cases against the same appellant were submitted to the court; that when the first case was submitted the court took it under advisement without rendering any decision, and later the present case was called for trial and was also submitted to the court. In the first case the court found appellant not guilty. It is urged in the bill of exceptions that the court considered the evidence introduced in the first case in arriving at his conclusion and judgment in the instant case and the bill setting out this evidence at length complains that this was error. In approving this bill the court says that he considered only the evidence introduced in this cause and none other. In view of this explanation there is no error shown. If we might consider the remarks of the judge or his statements touching the case as a ground for setting aside his conclusion it would introduce quite a novel doctrine in this State, and one, we think, that ought not to obtain.

3. The evidence is conflicting and to our mind not fully satisfactory, but we can not say that there is no evidence from which the court might properly have determined that appellant was guilty.

As presented to us, we think we should not interfere with the judgment of the court below. The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 13, 1910.—Reporter.]