RAY IVEY v. THE STATE.

No. 19798.   Delivered June 1, 1938.

The opinion states the case.

*J. Walter Friberg,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of burglary of a private residence at nighttime, and his punishment fixed at ten years in the penitentiary.

Truett L. Owens testified that on the night in question, November 16, 1935, his private residence was entered, and among other things stolen therefrom was a diamond ring that was the property of his wife.

Appellant has had incorporated in the record a motion to quash the jury panel because of certain claimed irregularities in the drawing of same from the jury wheel. We find a motion filed by him on March 23, 1938, not signed by anyone, and not sworn to by any person. The term of court at which this cause was tried began on September 6, 1937, and terminated on December 4, 1937. This motion to quash was not filed until one hundred and nine days after the overruling of the motion for a new trial. Had the motion been sworn to, it now comes too late, and we can not consider the same.

We also note that the objections and exceptions to the court's charge were filed on March 23, 1938, and thus come too late to be considered by us.

We also find a motion for a new trial in the record filed December 4, 1937, complaining, among other things, of the misconduct of the jury, and appended thereto we find an affidavit of juror J. W. Cooksey, dated December 6, 1937, and sworn to by him before a notary public on December 7, 1937, in which the juror makes affidavit to the fact that in their deliberations the jury considered certain testimony relative to the appellant having been in the penitentiary, and also his connection with certain other burglaries which were supposed to have been committed by appellant. This deposing juror was placed on the stand on the hearing relative to such motion, and, upon cross-examination, admitted that his affidavit was a little too strong, and went too far concerning some of the matters contained therein; he did maintain, however, that some mention was made of the defendant's failure to testify, and that some of the testimony that was excluded by the trial judge was also discussed

by the jury in their deliberations. Ten of the jurors testified on such motion, and nine of them contradicted the testimony of Mr. Cooksey in toto, and denied that any mention was made of the matters set forth in the affidavit. They testified to an entirely different set of facts than those set forth in the affidavit. They further say that they made up their minds from the testimony and the court's charge, and that no discussion of these extraneous matters was indulged in during their deliberations. The trial court was supported in his conclusion that no such discussions were had in the juryroom in view of the unanimous statement of the remaining nine jurors, no reason being advanced explaining the absence of the two remaining jurors.

Complaint was also made in the objections and exceptions to the court's charge relative to the court's failure to instruct the jury that Mrs. Rebecca Skinner was an accomplice to this crime of burglary, such contention being based upon the fact that appellant gave her a wrist watch and an automobile. If such can be considered, an answer to this contention seems to be that the wrist watch and automobile were not shown to be a part of the property stolen from the home of Mr. Owens, and there was no contention that Mrs. Skinner had any other or further connection with such offense.

In the condition that we find this record, we perceive no error herein, and this judgment is accordingly affirmed.