MABELLE BENJAMIN V. THE STATE.

No. 20683. Delivered December 20, 1939.

The opinion states the case.

*D. F. Sanders* and *John A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky without having a permit from the Texas Liquor Control Board, punishment assessed being thirty days in jail.

The prosecution was under subdivision (a) Art. 666-4, Vernon's Tex. P. C., Vol. 1, same being Sec. 4 (a) of Art. 1

of the "Texas Liquor Control Act," which makes it an offense, among others, to sell 'liquor'—as defined in said Act—in "wet area without first having procured a permit."

It was agreed in open court that appellant had no such permit.

The alleged purchaser testified that he was an inspector for the Liquor Control Board; that he went to appellant's residence and bought from her a drink of whisky for which he paid ten cents, and then bought from her a pint of whisky for which he paid her one dollar; that he poured the drink into a half-pint container, which together with the pint purchased, were identified on the trial, and introduced in evidence. Appellant denied having sold the drink of whisky and claimed that she let the purchaser have the pint as a matter of accommodation, and had written a note intending to send it and the dollar by a messenger to get other whisky to replace the pint mentioned.

No bills of exception are in the record. Two special charges were requested upon subjects not mentioned in the court's charge. One presented to the jury the question whether the purchaser was an accomplice witness, in connection with an instruction on that subject. It is appellant's position that her evidence raised the principle discussed in Stevens v. State, 133 Tex. Cr. R. 333, 110 S. W. (2d) 906 and other cases cited by counsel. We think the fact is overlooked that in our present "Liquor Control Act," (Art. 666-23a, subdivision 8, Vernon's Tex. P. C., Vol. 1,), same being Sec. 23(a), subdivision (8) Art. 1., ("Texas Liquor Control Act"), it is provided that "Upon a trial for a violation of any provision of either Article 1 or Article 2 of this Act, a conviction may be had upon the uncorroborated testimony of an accomplice." The trial court properly declined to give the requested charge.

The other requested charge presented the issue of appellant acting as agent for the purchaser, and would have instructed the jury that if the alleged purchaser gave appellant one dollar and requested her to purchase some whisky for him, and that she was sending another person to so purchase the whisky, and that she did not sell the purchaser a drink of whisky, they should acquit. We think the charge was correctly refused as the evidence did not raise the issue. Appellant testified on direct examination as follows: "I didn't have that whisky for sale, I drink all the time when I get money, for my own use it was, and I wasn't expecting any profit out of it. It cost a dollar and that is what I sold it to him for, it was my liquor and I was letting him have it and sending for some more, just wanted

some to drink on Saturday night. I always gets hot on Saturday night and I was drinking that."

It appears from her own testimony that appellant sold and delivered to the purchaser a pint of whisky. Whether or not she made a profit, or whether she expected to use the dollar to renew her supply of whisky was beside the question. The transaction was nevertheless a sale.

The judgment is affirmed.