JESUS DURAN V. THE STATE.

No. 21821. Delivered January 28, 1942.

The opinion states the case.

*B. L. Jeffrey,* of Carrizo Springs, and *John T. Spann* and *G. C. Jackson,* both of Crystal City, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful sale of whiskey in a dry area is the offense; the punishment, confinement in the county jail for one year.

The sufficiency of the evidence to show that Dimmit County was a dry area is challenged, as also the charge of the court instructing the jury that such county was a dry area. The only evidence showing such dry status is as follows:

"T. B. Kellogg, being duly sworn, testified in behalf of the State as follows, to-wit:

" 'My name is T. B. Kellogg. I hold the office of County Clerk of Dimmit County, Texas. I also keep the minutes of the Commissioners Court. I am reading from the official minutes of the Commissioners Court in Volume 5 pages 41 to 44 inclusive. This is the official record of the notices, application, canvassing of returns and declaration of result of an election held in said county on December 21st, 1935'."

The several orders referred to not being copied in the statement of facts, we are unable to determine the sufficiency thereof. Moreover, it will be noted that it does not appear that any evidence was introduced showing the publication of the result of the election and putting local option in effect. Unless proof thereof is waived, or such dry status is agreed to by the accused the record must affirmatively show that the county was a dry area, in order to sustain a conviction for unlawfully selling whiskey therein. Hardy v. State, 113 S. W. (2d) 918, 133 Tex. Cr. R. 619; Baldridge v. State, 106 S. W. (2d) 700, 132 Tex. Cr. R. 590, and authorities therein cited.

The facts being insufficient to show that Dimmit County

was a dry area within the meaning of the Texas Liquor Control Act, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.