500

## DELMA GRUMBLES v. THE STATE.

No. 22422. Delivered March 24, 1943.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for possessing whisky in a dry area for the purpose of sale. The punishment assessed is a fine of $150.00.

It appears from the record that the State, in the development of its case, introduced the Deputy County Clerk of San Saba County as a witness, who read from the records of said county all the proceedings relating to an election held throughout said county on the 7th day of March, 1914, for the purpose of determining whether or not the sale of intoxicating liquor should be prohibited within said county, but the statement of facts before us fails to reflect what the result of said election was.

Consequently the evidence failed to show that San Saba County was a dry area. Hence the evidence fails to sustain the conviction. In support of what we have said, we refer to the case of Duran v. State, 158 S. W. (2d) 316.

By a proper bill of exception complaint is made of the action of the trial court in permitting the Deputy County Clerk to read from the records the proceedings relating to a prohibition election held within and for said county on the ground that the records failed to show that there had been any posting or publication of notice of such an election and also failed to show any notice of the returns of the election. It appears to us that appellant in this case is seeking to contest the validity of an election held in the year of 1914, approximately 27 years after said election was held. This he could not do at such a late date. See Blaine v. State, 139 S. W. (2d) 792, and cases there cited. However, we do not intend to be understood as holding that the State would not be required to show that such an election was held, the result thereof and that the county judge had duly published his proclamation putting said law into effect. See McQueen v. State, 162 S. W. (2d) 703.

By Bill of Exception No. 5 appellant, among other things, complains of the following testimony given by Mr. Cartilidge, to-wit: "Mr. Rich told me over in Llano County, Texas, that he had bought this whisky from Delma Grumbles in San Saba County, Texas."

The objection urged against this testimony was that it was no part of the res gestae; that it was hearsay and was out of the presence and hearing of the defendant. Obviously this was hearsay and should have been excluded.

Appellant also contends that Rich, who purchased the whisky from appellant, and Russell, who was present when the sale was made by appellant to Rich, were accomplices and that a conviction could not be had on their testimony alone. In a prosecution for a violation of the liquor law a conviction may be had on the uncorroborated testimony of an accomplice. See Benjamin v State, 134 S. W. (2d) 678.

Bills of Exception Nos. 6 and 7 are without merit, and we see no need of discussing the same.

The matter complained of in Bill of Exception No. 8 was definitely decided adversely to the appellant in the case of Benjamin v. State, supra.

For the error herein pointed out the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.