ALTON MCCARVER V. THE STATE.

No. 22510. Delivered May 12, 1943.
Rehearing Denied June 2, 1943.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws of Smith County, and awarded a punishment of one year in the county jail.

It is alleged in the complaint and information that Smith County is a dry area. We find no testimony in the record to show such a status for Smith County. It is necessary that such should have been proven, and be found in the statement of facts, unless such dry status be agreed to therein. We find no such agreement in the record. Such a failure is fatal to the judgment. See Duran v. State, 158 S. W. (2d) 316, and cases there cited.

We think that bill of exceptions No. 1 evidences no error in that the court certified in his qualification, and it is shown by the evidence, that appellant was known by either name, Mc-Colvin or McCarver.

Bill of exceptions No. 2 complains because the witness Carter was allowed to testify that inside appellant's house there was found a ladder, and at the top of where such ladder was resting "it looked like some one had been reaching into an opening." This seemed to have been a conclusion of the witness, and it would have been better had the witness been allowed to describe the condition found there and let the jury decide what had probably been done at such opening.

Bill of exceptions No. 3 relates to the finding of some empty whisky bottles on appellant's premises. Taken in connection with the finding of some full whisky bottles on such premises, some hidden away in cunningly devised places, we think such was admissible.

Bill of exceptions No. 4 does not present any error, so we think.

For a failure to prove the dry status of Smith County, this judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

It is now made to appear that, on the trial of this case, it was agreed, by and between the parties, that Smith County was a dry area within the meaning of the Texas Liquor Control Act.

Such fact is shown in a supplemental statement of facts, properly signed, approved, and filed in the trial court in the manner and time required by law.

The matter on which our reversal of the case was predicated having been eliminated, the case is now before us for determination upon its merits.

The offense for which appellant was convicted was that of possessing whisky for the purpose of sale in a dry area.

Peace officers of Smith County, by virtue of a search warrant, made a search of appellant's home, and, as a result thereof, found, hidden at different places in the house, eight half pints of whisky, or a total of two quarts.

The State depended, for a conviction, upon the prima facie case thus shown, that is, the possession by appellant of more than a quart of whisky.

The appellant did not testify as a witness in his own behalf.

The witness Fuller testified that she and appellant jointly owned and occupied the house where the whisky was found; that she was the owner of, and had the possession of, four of the half pints of whisky so found, which, according to her testimony, she had purchased, and was possessing, for beverage purposes.

It is appellant's contention that such testimony showed possession by him of only a quart of whisky so found, and that, inasmuch as the prima facie evidence rule (Art. 666-23a, Sec. 2, P. C.) applies only when "more than one quart" of whisky is possessed, he was entitled to be acquitted upon the jury's believing that he possessed only one quart of whisky, because there was no testimony that the whisky so possessed by him was in fact possessed for the purpose of sale. In keeping with this contention, a special requested charge was urged to the effect that ,if the jury entertained a reasonable doubt that Fuller possessed one quart of the whisky so found, the appellant should be acquitted. The special requested charge was refused and a proper exception reserved. Touching said defensive theory, the trial court gave the following charge: "The court has allowed to be introduced testimony before you purporting to show that a portion of the whisky in question was possessed by a person other than the defendant. Now if you believe from the evidence

that the defendant possessed only four half pints of the whisky in question *and that he possessed it for the purpose of beverage purposes and not for the purpose of sale,* or if you have a reasonable doubt thereof, you will acquit the defendant." (Italics ours). The vice in this charge lies in the fact that appellant's right of acquittal is made to depend upon the jury's believing, or entertaining a reasonable doubt, that the whisky was possessed for beverage purposes and *not* for the purpose of sale; for, if the whisky were possessed by appellant for beverage purposes only, and not for the purpose of sale, he would not be guilty of the offense charged, regardless of the amount of whisky possessed. On the other hand, if appellant possessed only a quart of whisky—and there was no testimony, direct or circumstantial, tending to show that he possessed it for the purpose of sale— he would be entitled to an acquittal. The special requested charge embodied this defense, and, under the facts here presented, should have been given.

The State's motion for rehearing is overruled, but the reversal is predicated upon the error pointed out herein.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.