## C. O. MARTIN V. THE STATE.

No. 23772. Delivered November 5, 1947.

*Justice, Moore & Justice,* of Athens, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant was assessed a fine of $100.00 for the unlawful possession of whisky for the purpose of sale in a dry area.

The State's testimony showed that as a result of a search of appellant's premises, there was found at different places several quart bottles of whisky. Appellant denied possession of the whisky or any knowledge relative thereto.

In the development of the State's case, the searching officer was permitted, over a proper objection, to testify before the jury· to hearsay testimony to the effect that one Cummings had, prior to the search, told him where the whisky was located and that he, Cummings, had bought whisky from the appellant.

Such testimony was clearly hearsay and should not have been introduced before the jury.

In addition, State's counsel, in his closing, when arguing to the jury, said:

"We could not bring J. D. Cummings into court and let him tell you that he purchased this whisky from C. O. Martin, as testified to by the witness, Dave McGee, for the reason that J. D. Cummings is now in the Veterans *Psychopatic* Hospital at Waco, Texas, but we did bring to the jury the ·best evidence we had, and that was the witness, Dave McGee, who told you that J. D. Cummings had told him that he purchased whiskey from C. O. Martin, where he purchased it from him, and that he made a search of the premises of C. O. Martin and found the whiskey right where J. D. Cummings told him it was."

This argument shows how the hearsay testimony was prejudicially used against the appellant by the State.

For the error mentioned, the judgment is reversed and the cause remanded.

Opinion approved by the Court.