CECIL HODGES V. THE STATE.

No. 23980. Delivered March 24, 1948.

*Paul Petty*, of Ballinger, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for selling whisky in Runnels County, alleged to be a dry area; punishment by fine of $100.00.

Our State's Attorney has filed the following brief, omitting formal parts.

"* * * It is very doubtful in our mind if the evidence in this case is sufficient to warrant a conviction.

"In addition to this question, however, we think that the State wholly failed to establish venue in Runnels County, Texas, as required. Article 210, C. C. P., and many cases under Note 6 of said article.

"Further, the State alleged Runnels County to be a dry area but the record reflects that they failed to prove such fact, and, obviously, the burden is upon the State to not only allege but to prove, if it can, that the area is dry. See Trapp v. State, 145 Tex. Cr. R. 235, 167 S. W. (2d) 525; Brown v. State, 117 S. W. (2d) 107; Sweeten v.St ate, 120 S. W. (2d) 1074; Phariss v. State, 126 S. W. (2d) 981.

"For the errors pointed out, the State respectfully suggests that the case should be reversed and remanded."

An examination of the record impels us to agree conclusively with our State's Attorney in the two particulars last mentioned, and to express grave doubts as to whether the legal evidence established a sale. We do not discuss that question, however,

as a reversal must follow based upon the other two admissions of error.

After the close of the evidence appellant filed a motion for an instructed verdict of acquittal upon five grounds, the third being as follows:

"(3) Because the evidence fails to show that defendant has committed in Runnels County, Texas, any offense against the laws of Texas. Therefore, venue has not been proved herein."

Upon the overruling of said motion appellant reserved his bill of exception, thereby bringing himself properly under the provisions of Art. 847 C. C. P. making proof of venue an issue in the trial court.

John R. Shipman was the alleged purchaser of the whisky. Two of his daughters, one of whom lived at Alpine and the other in Dallas, testified that they went with their father to the home of appellant; that the father went into the house, and shortly thereafter his two daughters went into the house, and then detailed incidents upon which the State relied to show the sale of whisky by appellant to Shipman. We have been unable to find one word of testimony showing that appellant's home was in Runnels County, or that the transaction upon which the State relied occurred in said county. Questions like this might be avoided if prosecuting officers and judges would keep in mind that many things come up in the trial of cases involving locations and other matters well known to them, but proof of which must be shown, otherwise a fatal omission appears in the record which reaches this court.

What was last above said applies with equal force to the proposition that the record must show proof that Runnels County was "dry area". See Cunningham v. State, 132 Tex. Cr. R. 63, 102 S. W. (2d) 413; Stewart v. State, 132 Tex. Cr. R. 79, 102 S. W. (2d) 416 and Ivey v. State, 135 Tex. Cr. R. 24, 117 S. W. (2d) 104, and cases therein cited. The only reference to that subject found in the statement of facts is as follows:

"* * * At this point, and after both parties had rested, the State, over the objection of defendant, was permitted to offer in evidence the following, to-wit: Vol. 5, pages 138 and 146 of Commissioner's Court Minutes of Runnels County, Texas, showing a local option election held in March, 1911 and result of such election, etc., and showing Runnels County, Texas to be a dry area within the meaning of Texas Liquor Control Act."

No orders of the Commissioners' court are set out in the statement of facts; no certificate showing publication of the order declaring the result of the election appears, and the statement above quoted is purely a conclusion as to the effect of the court minutes. Duran v. State, 143 Tex. Cr. R. 175, 158 S. W. (2d) 316 is squarely in point. A conviction can not be sustained for a violation of the liquor laws in alleged dry area unless the record contains an agreement that same is dry area, or the record contains proper proof establishing such to be a fact.

The judgment is reversed and the cause remanded.