LOUIS DONAHOO V. STATE

No. 27,473. March 23, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 4, 1955

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The information as originally filed in this case contained two counts: (1) that the defendant, on or about May 1, 1953, did unlawfully transport whiskey in Lubbock County, a dry area; and (2) that the defendant, on or about May 2, 1953, did possess whiskey for the purpose of sale in Lubbock County, a dry area.

Upon the former trial appellant was acquitted as charged in the second count in the information and his conviction under the first count was reversed by this court. Donahoo v. State, 159 Texas Cr. R. 334, 264 S.W. 2d 108.

Upon the present trial appellant was again convicted under the first count in the information and his punishment was assessed at thirty days in jail and a fine of $350.

Appellant contends that his acquittal on the former trial under Count No. 2 for the possession of whiskey for the purpose of sale on or about May 2, 1953, without a specific finding in the verdict of the jury identifying the transaction, constitutes an acquittal of his possession of whiskey for the purpose of sale at the Hi-Hat Club on May 1, 1953, for the transportation of which he was on trial, as well as at the Cotton Club on May 2, therefore, he could not here be convicted because it is based on the same act and transaction.

In the instant case the evidence of the unlawful transportation of whiskey under Count No. 1, on or about May 1, 1953, was the same as on the former trial.

The evidence under Count No. 2 on the former trial of this case was as stated in our former opinion. Donahoo v. State, supra.

There were two separate criminal acts and transactions and he was tried again for the offense of which he had been convicted, but which conviction was reversed and remanded.

In our former opinion we held that the testimony as to the

458

whiskey at the Cotton Club should have been limited, as requested by appellant, to the possession count because it was in no way connected with the act of transporting the whiskey found in the automobile which appellant had been seen to drive to the Hi-Hat Club.

It appears that if appellant's plea of former acquittal is valid at this time, then the acquittal under Count No. 2 would have vitiated the conviction for transporting whiskey at the first trial. The opinion reveals that the reversal of the conviction for transporting was not predicated upon that theory.

The plea of former acquittal is available only where the transaction is the same and the accusatory pleadings in the two prosecutions are susceptible of, and must be sustained by, the same proof. These two elements must combine and both are indispensible to the sufficiency of the plea. 12 Texas Jur. 557, Sec. 239; 25 Texas Jur. 93, Sec. 20; Branch's Ann. P.C., p. 321, Sec. 632; Simco v. State, 9 Texas App. 338, 348; Wright v. State, 17 Texas App. 152, 158.

We conclude that the trial court was warranted in overruling the plea of former acquittal, and that he did not err in refusing to submit the same to the jury.

The judgment of the trial court is affirmed.

Opinion approved by the court.