STATE of Maine

v.

Roger PRUDENZANO.

Supreme Judicial Court of Maine.

Oct. 26, 1976.

Thomas E. Delahanty, II, Dist. Atty., Herbert Bunker, Asst. Dist. Atty., Auburn, Paul R. Dionne, Lewiston, for plaintiff.

Hamilton & Hardy by John L. Hamilton, Lewiston, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD and GODFREY, JJ.

ARCHIBALD, Justice.

The defendant was indicted by the Androscoggin County grand jury and after a jury trial was convicted of breaking, entering and larceny in the nighttime. The defendant has appealed his jury conviction on the grounds that the presiding Justice committed error (1) in refusing to grant the defendant's motion for judgment of acquittal, and (2) in refusing to grant a mistrial because of improper argument by the prosecuting attorney.

We deny the appeal.

I

## MOTION FOR JUDGMENT OF ACQUITTAL

■ On July 2, 1975, a home in Lisbon was burglarized. A large number of coins were stolen, one of which was unique. At approximately 10:30 p. m. that evening an unmarked police cruiser, in which there were four officers, was being driven in the vicinity of this home. Two officers testified that they saw one Gary King[1] and the defendant walking along the highway. Prudenzano was wearing a headband and carrying a brown paper bag. When the police stopped and turned the cruiser, both King and Prudenzano fled into a wooded area, being hotly pursued by the two officers who testified. King ultimately surrendered and one officer, in retracing the route of the chase, recovered a brown paper bag containing currency and coinage which, by means of the unique coin, was later identified by the home owner. A leather headband was also found on the ground near the spot where the coins were recovered. The defendant was later apprehended and at trial his defense consisted of an alibi, which was supported by several witnesses. Thus, a factual issue was posed, namely, the positive identifications of the two police officers vis-a-vis the alibi evidence.

At the close of the State's case, and also at the close of all the evidence, the defendant moved for judgment of acquittal. Both motions were denied.

The defendant argues that, even assuming the jury did not accept the alibi evidence, there was no evidence linking the brown paper bag which the defendant was seen carrying, with the brown paper bag containing coins later found by the police. He, therefore, maintains that it was impermissible for the jury to draw an inference of guilt from the possession of recently stolen property. We do not agree.

In charging the jury the presiding Justice gave the standard instruction that the jury is permitted to infer that those in exclusive possession of goods recently taken in a felonious breaking and entry are, in fact, the burglars. *State v. Hamm*, 348 A. 2d 268, 274 (Me. 1975); *State v. James*, 312 A.2d 531, 532 (Me. 1973).

Both police officers testified that when they first observed the defendant he was carrying a brown paper bag under his right arm. While "back tracking" the course of pursuit, one of the officers who had pursued the defendant but failed to apprehend him found a brown paper bag, coins and currency, and a headband adjacent to a fence which had to be scaled to avoid capture. Although neither of the officers actually saw the defendant drop the bag he was carrying, this fact does not mean, as defendant suggests, that he had not been in possession of it when initially observed.

■ We have recognized that in order to give rise to an inference of guilt "the possession must be a 'personal, conscious and exclusive possession of recently stolen property.'" *State v. Mosher*, 270 A.2d 451, 454 (Me. 1970), quoting *State v. Barrett*, 256 A.2d 666, 668 (Me. 1969). Mere presence will not support a finding of possession. *See, e. g., State v. Dall*, 305 A.2d 270, 272 (Me. 1973); *State v. Mosher*, 270 A.2d at 454. However, possession may be inferred where it is adequately supported by facts. *State v. Poulin*, 277 A.2d 493, 497 (Me. 1971).

The circumstances of this case were sufficient to warrant the jury in believing that the defendant was in possession of the stolen property. There was no error in the denial of the motion for judgment of acquittal.

1. Gary King was also tried and convicted of breaking, entering and larceny.

## II

## MOTION FOR MISTRIAL

■ In arguing to the jury the prosecuting attorney commented that it would have been merely "repetitive" if he had called the other two police officers who had been in the cruiser but who did not testify. Objection was immediately noted and a motion for a mistrial was made and denied, the presiding Justice commenting:

"Well, the answer is simple enough. I have already given them an interim instruction on absent witnesses. And I intend to repeat it. *That will be curative in my opinion.*" (Emphasis supplied.)

In the course of his charge to the jury the Justice gave the following instruction *to which there was no objection*:

"There was talk about absent witnesses. The evidence—it came out during the course of the trial that there were four officers at the scene, or at or about the time of the alleged offense. Only two took the stand and testified they were the ones who were principally involved in the investigation. I think the testimony was that one was no longer working for the Department who did not appear here. And the other one was on business in New York, I believe the testimony was.

The law on that is as follows. I think I gave you an interim instruction[2] but it bears repeating. If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on any issue in the case, failure to call that witness may give rise to a permissible inference by the jury that that testimony would be unfavorable to that party; namely, in this case to the state. However, no such conclusion should be drawn by you with regard to such a witness or witnesses if they are equally available to both parties, or where the witnesses' testimony will be merely cumulative.

I believe now that I have covered every point requested by counsel that I cover."[3]

■ Proceeding on the assumption that it was improper[4] for the prosecuting attorney to suggest to the jury that the absent witnesses' testimony would be "repetitive" (since it suggested that these witnesses would corroborate the testimony of the two officers who did testify), we must determine whether the presiding Justice committed reversible error in refusing to grant the motion for a mistrial.

■ Traditionally, whether to grant a motion for mistrial lies within the discretion of the presiding Justice and his ruling thereon will not be disturbed absent a clear showing by the appellant of abuse of that discretion. *State v. Gagne,* 362 A.2d 166 (Me. 1976); *State v. Coombs,* 351 A.2d 122 (Me. 1976). Furthermore, such a motion should be granted "only in the event that no remedial measure short of a new trial will satisfy the interests of justice." *State v. Kelley,* 357 A.2d 890, 896 (Me.

2. The presiding Justice did, in fact, give an interim instruction concerning the absent witnesses which was nearly identical to the one quoted verbatim.

3. Since no objection was made to this instruction, we express no opinion on its legal sufficiency. We note that almost the exact language is suggested with approval in 1 Devitt & Blackmar, Fed. Jury Instr., § 11.33, at 249 (2d ed.).

4. During argument counsel is never permitted to refer to what an absent witness would have testified. *See, e. g., People v. Durant,* 105 Ill.App.2d 216, 245 N.E.2d 41, 44 (1969); *People v. Teixeira,* 136 Cal.App.2d 136, 288 P.2d 535, 541 (1955); *Martin v. State,* 151 Tex.Cr.R. 140, 205 S.W.2d 599 (1947); *Hall v. Commonwealth,* 283 Ky. 778, 143 S.W.2d 495, 497 (1940). Although counsel is permitted a wide latitude in arguing his client's case to the jury, it is improper to comment upon facts or testimony not in evidence. *State v. Martel,* 103 Me. 63, 68 A. 454 (1907).

1976); *State v. Gagne,* 349 A.2d 193 (Me. 1975).

The appellant failed to object to the instruction herein previously quoted, nor does the record show that he requested an additional cautionary instruction. Since we have not been furnished with a transcript of the full arguments of either counsel, we have no way of knowing what defense counsel may have argued in rebuttal, understanding, as he did, that the cautionary instruction was to be given. It is readily conceivable that defense trial tactics may have dictated no further request for a cautionary instruction since, arguably, the jury could have interpreted the instruction as creating an inference favorable to appellant.

Additionally, Rule 30(b), M.R.Crim.P.,[5] was not complied with since no objection was entered to the instruction. As we said in *State v. Jewell,* 285 A.2d 847, 852 (Me. 1972):

"While a defendant may be entitled to the cautionary charge when he requests that it be given, [citations omitted] it is not error, let alone obvious error, for a trial judge to fail to give the warning comment where it has not been requested."

*See State v. Pomerleau and Bourgoin,* 363 A.2d 692 (Me. 1976); *State v. Chapman,* 358 A.2d 387 (Me. 1976).

The Justice below did not abuse his discretion in refusing to grant the mistrial. *State v. Upton,* 362 A.2d 738 (Me. 1976).

The entry is:

Appeal denied.

DELAHANTY, J., did not sit.

All Justices concurring.

5. "No party shall assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing and presence of the jury."