### W. J. MALLOY v. THE STATE.

*No. 829.  Decided January 29th, 1896.*

1. **Jurisdiction—Certificate of Transfer—Amendment.**

On a plea to the jurisdiction, a certificate of the transfer of the case from the District to the County Court may be amended, so as to properly name the accused, though the name is not required to be entered on the minutes of the District Court.

2. **Same.**

Where a certificate of transfer of a case, from the District to the County Court, omitted to state the offense with which the accused was charged. Held: That it is not required to make entry on the minutes of the District Court of the offense charged: and a certificate of transfer which correctly transcribes the minutes of the transferring court, is ordinarily sufficient.

APPEAL from the County Court of Dallas. Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for unlawfully keeping and exhibiting a gaming bank for purposes of gaming; the punishment assessed being a fine of $25, and ten days' imprisonment in the county jail.

Appellant was indicted in the District Court, and the case was ordered to be transferred for trial from that court to the County Court. In the County Court, a plea to the jurisdiction was interposed, based upon the

insufficiency of the certificate of transfer. The facts as to this matter are stated in the opinion.

No general statement necessary.

*Oeland & Smith* and *Martin W. Littleton,* for appellant.—1. The court erred in overruling defendant's plea to the jurisdiction No. 1, in this cause, because as shown therein this court had no jurisdiction over said offense.

2. The court erred in allowing the County Attorney to amend said certificate of District Clerk transferring said cause to this court because the same was not done regularly.

3. The court erred in overruling defendant's plea to the jurisdiction No. 2, because the certificate of said District Clerk fails to show the offense for which said defendant was indicted.

Before the County Court can acquire jurisdiction over a defendant indicted there must be a proper transfer from the District Court.

The defendant presented a plea to the jurisdiction No. 1, because the indictment was not properly transferred to the County Court.

The transfer shows a case against W. J. Mallory, and the charge was gaming, while the indictment was against W. J. Malloy, and the charge keeping and exhibiting. The court granted the State time to perfect the transfer and overruled defendant's motion No. 1 to quash.

The County Attorney filed an amended transfer where the name of the defendant was corrected, but the offense for which the defendant was placed on trial was not named in the transfer. Defendant filed his plea to the jurisdiction No. 2, and urged as to his ground that the amended transfer was not proper, and the offense for which the defendant was placed on trial was not named in the transfer. The defendant filed his bill of exceptions. Brumley v. State, 11 Tex. Crim. App., 115; McDonald v. State, 7 Tex. Crim. App., 114; Donaldson v. State, 15 Tex. Crim. App., 25; Mitten v. State, 24 Tex. Crim. App., 349.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Plea to the jurisdiction of the court was urged, because the transfer misnamed the accused, and recited the offense to be "gaming," whereas the offense charged was in fact for keeping and exhibiting a gaming table and bank. An amended transfer was then filed, properly naming the accused, but which did not name the offense. A second plea to the jurisdiction was then urged, because of this omission to name the offense with which the accused was charged. It was proper to amend the certificate of transfer. It was unnecessary to name the accused on the minutes of the District Court, in noting the presentment of the indictment in that court, and it is not required to make entry on said District Court minutes of the offense charged. Code Crim. Proc., Arts. 415-417; Willson's Crim. Proc., § 1943, for authorities; Tellison v. State, ante, p. 388. It is not controverted that

the second transfer correctly transcribes the minutes of the transferring court. The judgment is affirmed.

*Affirmed.*