### HUGH ELLIS v. THE STATE.

#### No. 646.  Decided May 25, 1910.

#### Rehearing granted June 15, 1910.

**1.—Local Option—Transfer of Indictment—Jurisdiction of Court.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared from the record that the word "court" was omitted after the word "county," in the order of the District Court transferring the indictment to the County Court, but it sufficiently appeared that the same was intended to be transferred and that the order had the effect to transfer the case to the proper County Court, there was no error.

**2.—Same—Evidence—Other Transactions.**

Upon trial of a violation of the local option law there was no error in the cross-examination of defendant whether he had not gotten some whisky by express shortly before the time he was indicted. Following Wagner v. State, 53 Texas Crim. Rep., 306.

**3.—Same—Charge of Court—Misdemeanor.**

Where, upon trial of a violation of the local option law, the defendant complained that the court did not properly define the meaning of the word "sale," and it appeared from the record on appeal that the defendant had requested no special charge on this issue, there was no error.

**4.—Same—Order of Commissioners' Court—Insufficiency of the Evidence.**

Where, upon appeal from a conviction of a violation of the local option law, the record failed to show proof of the result of the election and whether there had ever been any publication of said result, and also failed to show the date of either the election or publication given, the conviction could not be sustained.

Appeal from the County Court of Upshur.  Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.
The opinion states the case.

*J. S. Barnwell,* for appellant.—On question of failure of proof that local option was in force: Marks v. State, 10 Texas Crim. App., 334; Veal v. State, 8 Texas Crim. App., 474; Scott v. State, 44 S. W. Rep., 495; Aston v. State, 49 S. W. Rep., 393; Ladwig v. State, 40 Texas Crim. Rep., 485, 51 S. W. Rep., 390.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the County Court of Upshur County, on the 8th day of July, 1909, finding appellant guilty of unlawfully selling intoxicating liquors in violation of law in said county and assessing his punishment at a fine of $25 and twenty days confinement in the county jail.

1. When the case was called appellant filed a motion questioning the jurisdiction of the County Court of Upshur County to try the cause for the reason that the order transferring the indictment therein from the District Court of said county was insufficient and invalid. This order is as follows:

"The State of Texas,⎫
 ⎬ No. 3560. June 12, A. D. 1909.
County of Upshur. ⎭

"It appearing to the court from an inspection of the indictment that this court has not jurisdiction of this case, the same being a misdemeanor, and that the County Court of Upshur County, Texas, has jurisdiction of the same, it is ordered that the said ·case be, and the same is transferred to said *County* of said county."

Accompanying it was a bill of costs giving the same number, and it also bore the following indorsement of the district clerk: "No. 3560. In the District Court, the State of Texas v. Hugh Ellis; Transcript of Order to Lower Court. Issued this 19th day of June, A. D. 1909.

T. H. OLIVER,
District Clerk, Upshur Co., Texas."

as well as the file mark of the county clerk of Upshur County, dated 22d day of June, 1909. Article 473 of our Code of Criminal Procedure is as follows: "It shall be the duty of the clerk of the District Court, without delay, to deliver the indictments in all cases transferred, together with all the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer, and he shall accompany each case with a certified copy of all the proceedings taken therein in the District Court, and also

with a bill of the costs that have accrued therein in the District Court, and the said costs shall be collected in the court in which said cause is tried, in the same manner as other costs are collected in criminal cases." It seems to be beyond doubt true that the indictment reached the proper court accompanied with a bill of costs as required by law. This article does not set out in any detail the matters required to be stated in the order. If we look to the number of the case and the indorsement of the clerk on the order accompanying same, it gives the correct number of the cause as well as the style of the case and fairly meets all the requirements of the law. It will be noted that this order recites that the County Court of Upshur County has jurisdiction of the same and that the word "court" is omitted after the word "county" in the last line of the order. As was said in the case of Dittfurth v. State, 10 Texas Ct. Rep., 511, "it has been held that, in the transfer of cases, a general order, giving the numbers in the District Court and character of offense, is sufficient, and that a particular order is not necessary in each case." Forbes v. State, 35 Texas Crim. Rep., 24; Tellison v. The State, 35 Texas Crim. Rep., 388; Malloy v. State, 35 Texas Crim. Rep., 389, and it was also said: "When this case got into the County Court it was given another number in that court." It was also objected in the Dittfurth case that the transfer there was insufficient in that it did not purport to transfer the case to the County Court of *Karnes* County. This objection was treated as trivial and the court says: "From the recitations it is sufficiently certain that the transfer was made to said County Court of *Karnes* County." So there would seem to be no doubt in this case that it sufficiently appears that the case was intended to be transferred and that the order had the effect to transfer the case to the County Court of Upshur County.

2. During the trial while the appellant was upon the witness stand, he was asked if it was not true that he had gotten some whisky by express about the 22d day of December, 1908. This was objected to because immaterial, irrelevant, leading and prejudicial to the rights of the defendant. The objection being overruled, appellant stated that he might have got some whisky by express at that time. Waiving the question that the answer was of a character not necessarily to have injured appellant, we think it is competent to show this fact. In the case of Wagner v. State, 53 Texas Crim. Rep., 306, we held that upon a trial for the violation of the local option law, testimony was admissible to show that defendant was in possession of intoxicating liquors in such quantities as to raise a reasonable presumption that it was for sale and not for use. We think the decision in that case decisive of the matter here complained of and that it is undoubtedly sound on principle.

3. We find in the record a bill of exceptions complaining of the charge of the court in more than one respect. Among other things, it is complained that the court charged the jury that the local option

law was in *full* force, which, it is averred, is stronger language than should have been used in the charge and was calculated to mislead the jury as to the meaning of said terms.

Complaint was also made as to the meaning of the word "sale" and that the court should have charged on circumstantial evidence. This bill is allowed with the explanation that the appellant did not ask a charge either in writing or orally on circumstantial evidence.' It also appears in the record that no special charges were asked by appellant. In the first place, the complaints, as we believe, are without merit. Besides, appellant asked no special charge covering the matters complained of.

Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

### - ON REHEARING.

#### June 15, 1910.

RAMSEY, Judge.—The motion for rehearing in this case is based on the contention, which the record seems to sustain, that there was no sufficient proof of the adoption and due publication of local option in Upshur County. The sole proof on this question ·is found in the following testimony by J. W. Willeford, county clerk of Upshur County: "I am county clerk of Upshur County, Texas, and am the custodian of the records of said county. The book I hold in my hand is the minutes of the Commissioners Court of Upshur County, Texas. Said orders were introduced in evidence, to wit: An order ordering a local option election for Upshur County and one declaring the result of said election, and one ordering publication of said results." Whether this election resulted in favor of the adoption of local option in Upshur County the record does not state. It is silent as to whether there had ever been any publication in fact made of the proclamation declaring the result of the election. Nor is the date of either the election or publication given. The indictment alleges the offense to have been committed on the 22d day of December, 1908. The case was tried on July 8, 1909. We could not presume, even if it should be held that the record showed that local option had been adopted in Upshur County, that such adoption had taken place prior to the trial or at such time as to render appellant guilty. Under the authorities there seems to be no doubt that the statement of facts is insufficient to show the commission of the offense. We have many times held that proof must be made of the election, and it of necessity follows that it must be shown that such law was in force at the time of the sale.

For the error pointed out, the motion will be granted, the affirmance set aside, and the judgment of conviction reversed and remanded for further proceedings in accordance with law.

*Reversed and remanded.*