OSCAR HUMPHREYS V. THE STATE.

No. 18565. Delivered November 12, 1936.
Appeal Reinstated December 9, 1936.

384

 

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, and *Sanders & Mc-Leroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor in a "dry area," punishment being a fine of $100.00.

The transcript contains an information but no complaint upon which to base the information. A prosecution cannot proceed upon an information alone.

If there is in fact a complaint which was omitted from the transcript, and the State should desire to reinstate the appeal we deem it proper to call attention to the fact that as copied in the transcript the information indicates that in transcribing it some averment therein was partially omitted.

The appeal is dismissed.

### ON REINSTATEMENT OF APPEAL.

HAWKINS, JUDGE.—On November 12th, 1936, the appeal was dismissed because no complaint for support of the information appeared in the record. Now by supplemental transcript it is shown that such complaint was omitted from the transcript by inadvertence, hence the appeal is reinstated, and the case will be considered on its merits.

The sufficiency of the complaint and information was challenged by motion to quash. We discover no vice in the State's pleading. The suggestions in many cases seem to have been followed requiring the averment that an election had been held to determine whether the sale of intoxcating liquor should be prohibited, that the election resulted in such prohibition, and that such result had been published.

There is not one word of evidence in the record to the effect that a local option election was ever held in Shelby

County, or the result of any such election, or that the result was declared and the declaration published. Appellant takes the position that in the absence of such proof the evidence is insufficient to support the conviction. We are constrained to agree with appellant in his contention. We are not unmindful of the fact that the 44th Legislature by Chapter, 467, in Sec. 23, page 1817, of the 2nd Called Session, provides as follows:

"The Courts of this State shall take judicial knowledge of the status of wet and dry areas as herein defined in any criminal prosecution instituted, either by complaint, information or indictment." The Legislature by such provision appears to be undertakng to require this court to take judicial knowledge of a thing of which it has, and could have no actual knowledge whatever. There is no way under the present law by which this court could know actually or judicially whether a local option election had ever been held in Shelby County, or any other county or precinct in the State, unless proof thereof is found in the record.

It is the duty of this court to determine not only legal questions which may be presented for decision, but also the sufficiency of the evidence in any criminal prosecution which results in conviction. There being an entire absence from the record of any proof showing that Shelby County was a "dry area" the conviction can not be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*