AUBREY STEWART V. THE STATE.

No. 18841.   Delivered March 3, 1937.

The opinion states the case.

*R. Temple Dickson* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of whisky in a dry area; penalty assessed at a fine of $300.00.

The State's testimony is to the effect that L. O. Allen, an inspector for the Texas State Liquor Control Board, went to a place known as Crockett Davis' place in the city of Snyder, Texas, on the night of June 11, 1936, and purchased from the appellant, who was in charge of the place mentioned, a half-pint of liquor, for which the witness paid appellant the sum of sixty-five cents.

R. I. Deckert, who was also an inspector for the liquor control board mentioned, corroborated the witness Allen with reference to the purchase of the liquor from the appellant.

The above is all the testimony introduced upon the trial of the case.

Upon the trial appellant filed a motion for an instructed verdict upon the ground that the State had not made out a case against him for the reason that the evidence introduced failed to show that Scurry County was a dry area at the time of the commission of the offense.   It is the uniform holding of this court that in a conviction for violation of the local option law the proof must show that local option was in force in the territory mentioned in the indictment.   Among the illustrative cases are Humphreys v. State, 99 S. W. (2d) 600; Green v.

State, No. 18,728, not yet reported (131 Texas Crim. Rep., 552).

Because of the insufficiency of the evidence to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*