## JUNE 16, 1937

E. C. Baldridge v. The State.

No. 19104.   Delivered June 16, 1937.

The opinion states the case.

*Sampson & Sampson,* of Decatur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful possession of whisky for the purpose of sale in a dry area; penalty assessed at a fine of $100.00 and confinement in the county jail for a period of fifteen days.

Bill of Exception No. 1 complains of the action of the court in overruling the appellant's motion for an instructed verdict of not guilty based upon the ground that the State failed to make out a case as charged against appellant by reason of the fact that there is no proof that Wise county was a "dry area" at the time of the commission of the offense. Our examination

of the record fails to reveal any evidence to the effect that a local option election was ever held in Wise County,. or the result of such election, or that the result was declared and the declaration published. The decisions of this court are unanimous to the effect that in a conviction for violation of the local option law the proof must show that local option was in force in the county mentioned in the indictment. See Cunningham v. State, 102 S. W. (2d) 413; Stewart v. State, 102 S. W. (2d) 416; Humphreys v. State, 99 S. W. (2d) 600; Green v. State, 101 S. W. (2d) 241.

A discussion of the other matters presented is pretermitted for the reason that they are not likely to occur upon another trial.

Because of the insufficiency of the evidence to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*