H. E. GRIBBLE, JR., V. THE STATE.

No. 19230. Delivered December 15, 1937.

The opinion states the case.

*Oswalt & Oswalt*, of Crowell, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky in dry area for the purpose of sale; the punishment, a fine of $100.

The complaint recites that the affiant "has reason to believe," etc., but omits the phrase "and does believe." Referring to the requisites of the complaint, Art. 222, subdiv. 2, C. C. P., reads as follows: "It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense." The omission of the phrase "and does believe" has been held in numerous cases to vitiate the complaint. Ward v. State, 21 S. W. (2d) 297, and authorities cited.

It is observed that the complaint avers, in substance, that appellant was not the holder of either an industrial or a medicinal permit. Attention is called to the fact that in Baker v. State, 106 S. W. (2d) 308, it was held unnecessary to negative said exceptions.

There is no evidence in the record in support of the averments in the complaint and information that a local option election had been held in Foard County; that said election had resulted in the prohibition of the sale of intoxicating liquor; and that the result had been duly declared and published by the commissioners' court. Appellant's contention that, in the absence of such proof, the evidence is insufficient to support the conviction must be sustained. Green v. State, 101 S. W. (2d) 241; Humphreys v. State, 99 S. W. (2d) 600.

It is observed that in applying the law to the facts the court instructed the jury to convict appellant if they believed beyond a reasonable doubt that he possessed more than one quart of whisky. The charge is incorrect, in that the jury was not required to believe that the possession of said liquor was for the purpose of sale.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed, and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.