## MRS. HUEY HARMON V. THE STATE.

### No. 19423.   Delivered February 23, 1938.

The opinion states the case.

*Wilkinson & Wilkinson,* of Mount Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing whisky for the purpose of sale in dry territory, punishment being assessed at a fine of one hundred dollars.

It was alleged in the complaint and information that Franklin County was dry by virtue of an election held in said county in 1903, which resulted in prohibiting the sale of intoxicating liquor, which result was declared and published.

No evidence appears in the statement of facts showing that such election was ever held, or that the result thereof was ever determined, declared, and published. Among other cases holding that in the absence of such evidence a reversal must follow, we cite Humphires v. State, 131 Texas Crim. Rep. 383, 99 S. W. (2d) 600; Green v. State, 131 Texas Crim. Rep. 552, 101 S. W. (2d) 241; Cunningham v. State, 132 Texas Crim. Rep. 63, 103 S. W. (2d) 413; Stewart v. State, 132 Texas Crim. Rep. 79, 102 S. W. (2d) 416; Baldridge v. State, 132 Texas Crim. Rep. 590, 106 S. W. (2d) 700.

We find a complaint that an argument of State's counsel was a comment on the failure of appellant to testify. In the event of another trial such argument should not be indulged.

The judgment is reversed and the cause remanded.