JULE BROWN v. THE STATE.

No. 19796.  Delivered June 1, 1938.

4

The opinion states the case.

*Ramsey & Ramsey,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of a violation of the law regulating the liquor traffic, and fined the sum of $100.00.

The complaint and information both allege that San Augustine County was what is termed a dry area relative to the sale of intoxicating liquor. The statement of facts fails to show any proof relative thereto. This matter was called to the trial court's attention in a request for an instructed verdict, which was refused, and to which refusal appellant took his only bill of exceptions. This matter was also called to the trial court's attention in appellant's motion for a new trial.

There is no way that we can know whether or not the sale of intoxicating liquor has been prohibited in certain localities except from proof thereof, and we have repeatedly held that it is necessary not only to allege by proper averments the calling of an election to determine such question, its result and the necessary orders thereafter, but also to prove such matters, in order that it might be shown that such an area was a dry area. See Humphreys v. State, 99 S. W. (2d) 600; Green v. State, 101 S. W. (2d) 241; Cunningham v. State, 102 S. W. (2d) 413; Stewart v. State, 102 S. W. (2d) 416; Baldridge v. State, 106 S. W. (2d) 700.

On account of a failure to show that San Augustine County was a dry area, this judgment is reversed and the cause remanded.