A. P. "Buster" Sweeten v. The State.

No. 19887. Delivered November 9, 1938.

The opinion states the case.

*T. L. Price,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

Krueger, Judge.—Conviction is for violation of the liquor law; punishment assessed is a fine of $100.00.

The complaint and information, omitting the formal parts, read as follows: " * * * After an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and such election had resulted in favor of prohibiting the sale of such intoxicating liquor in said county, and the commissioners' court of said county had canvassed the election returns and had duly made, passed and entered its order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said county, as required by law, WHICH SAID ORDER HAD BEEN PUBLISHED IN THE

MANNER AND FOR THE LENGTH OF TIME REQUIRED BY LAW IN FORCE AT THE TIME OF SAID ELECTION * * * " etc.

Appellant, by timely objections, asserts that the proof does not show the publication of the order of the commissioners' court, as the law requires. In this he must be sustained. There is no direct proof in the record that the order putting local option in force was published. The State introduced testimony to the effect that convictions had been obtained under local option, but there is no direct proof of the publication.

The publication of the order declaring the result of the election constitutes the operative effect of putting local option in force and proof thereof is indispensable. See Branch's P. C., Section 1232, 695-696; Jones v. State, 38 Texas Crim. Rep. 533; Chenowith v. State, 50 Texas Crim. Rep. 238; Armstrong v. State, 47 S. W. 981; Humphreys v. State, 99 S. W. (2d) 600; Green v. State, 101 S. W. (2d) 241; Gribble v. State, 111 S. W. (2d) 276; Jackson v. State, 157 S. W. 1196; Walker v. State, 163 S. W. 72.

The court charged the jury that Garza County was dry area, to which appellant in due time objected. In view of the fact that there was no proof of an order declaring the result of the election and the publication thereof as required by law, this was error, since it assumed that local option was in force. See Section 1233, Branch's P. C., p. 697.

Appellant also complains because his requested charge on circumstantial evidence was not given. Under the facts it would not seem necessary, since the sheriff testified that he found 25 bottles of intoxicating beer on appellant's premises.

For the error hereinabove pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.