JESUS DURAN V. THE STATE.

No. 21962. Delivered January 28, 1942.

The opinion states the case.

*B. L. Jeffrey* and *Wm. H. Davis*, both of Carrizo Springs, and

*John T. Spann,* and *G. C. Jackson*, both of Crystal City, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the unlawful sale of whisky in an area in which the sale of such liquor had been theretofore prohibited by an election held therein in 1935, and he was fined the sum of $150.00.

There are no bills of exceptions in the record save exceptions to the court's charge. We have searched the statement of facts and find no order of the commissioners court calling such election; no order of such court canvassing the returns thereof, and declaring the result, and no order relative to the result of such election and prohibiting the sale of such liquor in said territory. These above matters should have appeared in the statement of facts.

We also notice that the charge of the court authorizes the conviction of appellant provided he sold whisky in Dimmit County at the time alleged. It should have gone further and required that the jury believe beyond a reasonable doubt that appellant at such time and place sold whisky to J. M. Rich, the person alleged to have been sold to in the complaint and information. Appellant objected to such charge on such grounds, and prepared and offered to the trial court a sufficient charge relative thereto, as well as other matters objected and excepted to, which seems to fairly present the law in this cause.

There is one thing in said charge prepared by appellant's attorneys that we are not in accord with, and that was his effort to attack the validity of the election of 1935. Art. 666-40a, Vernon's Texas Statutes, Supplement 1939, provides that any contest relative to the legality or validity of any such local option election theretofore held shall be filed within sixty days from the taking effect of such article, and unless such is filed within such time, then it shall be conclusively presumed that said election was valid in all things and binding upon all courts. This article was an amendment to the statute of 1935, and went into effect on September 1, 1937, it being Acts 1937, 45th Legislature, p. 1053.

We hold that an attempt in this cause to contest the validity of the election of 1935 at this time, being more than sixty days

after such statute took effect and such election was held, comes too late.

This cause, however, is reversed because of the failure to introduce and pass into the record the proper orders of the commissioners court as above outlined.

Judgment reversed and cause remanded.