## B. U. McQUEEN v. THE STATE.

No. 22145.  Delivered June 3, 1942.

The opinion states the case.

*Paul Petty,* of Ballinger, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is the unlawful possession of whiskey for the purpose of sale in a dry area; the punishment, a fine of $150.00.

In order to sustain a conviction for the offense charged, it is necessary that the testimony show that Runnels County is a dry area within the meaning of the Texas Liquor Control Act. The statement of facts contains no such proof. The evidence is, therefore, insufficient to support the conviction. See: Gribble v. State, 115 S. W. (2d) 962, 134 Tex. Cr. R. 442;

Gribble v. State, 111 S. W. (2d) 276, 133 Tex. Cr. R. 357; Hardy v. State, 113 S. W. (2d) 918, 133 Tex. Cr. 619; Baldridge v. State, 106 S. W. (2d) 700, 132 Tex. Cr. R. 590; Humphreys v. State, 99 S. W. (2d) 600, 131 Tex. Cr. R. 383; Green v. State, 101 S. W. (2d) 241, 131 Tex. Cr. R. 552; Cunningham v. State, 102 S. W. (2d) 413, 132 Tex. Cr. R. 63; Stewart v. State, 102 S. W. (2d) 416, 132 Tex. Cr. R. 79.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.