GERTRUDE LANGSTON V. THE STATE.

No. 22520. Delivered May 19, 1943.

The opinion states the case.

*Chas. H. Dean,* of Plainview, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of possessing intoxicating liquor for the purpose of sale and selling whisky in a dry area. Her punishment was assessed at a fine of $100.00.

Appellant challenges the sufficiency of the evidence to justify and sustain her conviction. The State's evidence, briefly stated, shows that an order was made by the Commissioners' Court for an election to be held within and for the County of Hale on the 30th day of May, 1891, for the purpose of determining whether or not the sale of whisky should be prohibited within said county; that on the 10th day of June, 1891, the Commissioners' Court canvassed the returns of said election and declared the result thereof. The returns of said election disclosed that the majority of the votes were in favor of prohibiting the sale of intoxicating liquor within said county. The State then proved by two agents of the Texas Liquor Control Board that on the night of October 18, 1942, they went to the home of the appellant in Plainview, Hale County, Texas, where J. A. McBride, one of said agents, purchased from her a pint of whisky, which was introduced in evidence.

Appellant testified in her own behalf and denied that she sold any whisky to McBride on the night in question.

Some five or six other parties, who claimed that they were present at the time of the alleged sale, testified that appellant did not sell any whisky to McBride; that he came to the home of appellant and told her that he and others were going to have a party; that he desired to purchase some whisky; but she told him that she did not have any, and was not engaged in selling intoxicating liquor.

At the conclusion of the evidence, appellant requested the court to peremptorily instruct the jury to return a verdict of not guilty, which request was refused and appellant then and there excepted. The record is silent as to whether there ever had been any publication of the proclamation declaring the result of the election. Under the authorities, there seems to be no doubt that the evidence is insufficient to show the commission of an offense. See Ellis v. State, 59 Tex. Cr. R. 626, (p. 629, on motion for rehearing) ; Craig v. State, 167 S. W. (2d)

523. This court has held many times that proof must be made, not only of the election and the result thereof, but it must be followed by a proclamation of the result of the election duly published or posted in the manner and form and for the length of time required by law. Until that is done, the law does not become effective. See Ellis v. State, supra; also Jackson v. State, 157 S. W. 1196; Walker v. State, 163 S. W. 72; Watson v. State, 135 Tex. Cr. R. 632, 122 S. W. (2d) 311; Baldridge v. State, 132 Tex. Cr. R. 590, 106 S. W. (2d) 700; Gallagher v. State, 151 S. W. (2d) 819; Craig v. State, supra.

Inasmuch as we are reversing this case upon the insufficiency of the evidence to sustain the conviction, we do not deem it necessary to discuss her Bill of Exception No. 1. However, we will state that trial courts, in ruling upon the admissibility of evidence, should be cautious not to comment on the weight or effect thereof but should rule thereon without conveying his opinion to the jury.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.