A. B. GOBER, SR., V. THE STATE.

No. 22889. Delivered June 14, 1944.

The opinion states the case.

*Tom M. Miller*, of Graham, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing whisky for the purpose of sale in Throckmorton County which is alleged to be a dry area.

Appellant urges that the State failed to prove that the order of the Commissioners' Court declaring the result of the local option election in said county was in favor of prohibition had been published as required by the statute in force when the election was held.

We find in the record the order of the Commissioners' Court ordering a local option election, and the order declaring the result to have been in favor of prohibition, but there is an entire absence of proof that the result of said election was published. Local option did not become effective until such publication was made. The reasons for such holding are apparent from the cases of Chenowith v. State, 96 S. W. 19; Watson v. State, 135 Tex. Cr. R. 632, 122 S. W. (2d) 311; Brooks v. State, 138 Tex. Cr. R. 526, 137 S. W. (2d) 768. It is not necessary to elaborate on the question again. See Sweeten v. State, 135 Tex. Cr. R. 445, 120 S. W. (2d) 1074 and cases therein cited.

The judgment is reversed and the cause remanded.