C. W. WHATLEY V. THE STATE.

No. 23878. Delivered January 7, 1948.

*Enoch G. Fletcher*, of Grand Saline, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option law of Van Zandt County, and upon his conviction was fined the sum of $200.00.

This law being a local law, it was necessary to have plead and proved that the proper steps had been taken to place such law into effect as shown by a majority vote of the people of such county. It is necessary that it be pleaded and proven that a proper election order was entered by the commissioners' court, that such an election was held and the result thereof declared, the order of the commissioners' court prohibiting the sale of intoxicating liquors in such county, and the publication of such order in some newspaper (in the year 1904) for the proper length of time. We find proof of all of these matters present in the record save proof of the proper publication of the commissioners' court order prohibiting such sale. However, we do find that the then county judge designated a weekly newspaper, "The Texas Fruit Grower", for the publication of such prohibitory order of the commissioners' court, but there is no further proof present showing such publication in such newspaper. Under the circumstances here present, it was necessary to have shown the proper publication of such order, and its absence from the record is fatal to the conviction. See Gober v. State, 147 Tex. Cr. R. 395, 181 S. W. (2d) 279; Campbell v. State, 146 Tex. Cr. R. 392; 176 S. W. (2d) 174; Cremona v. State, 146 Tex. Cr. R. 89, 172 S. W. (2d) 102; Langston v. State, 146 Tex. Cr. R. 35, 171 S. W. (2d) 371; Watson v. State, 135 Tex. Cr. R. 632, 122 S. W. (2d) 311; and cases cited.

The judgment is reversed and the cause remanded.