MAUD LAWRENCE v. THE STATE.

No. 23951. Delivered March 3, 1948.
Rehearing Denied April 21, 1948.

622

*Cox & Cox,* of Sherman, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for the possession of liquor for the purpose of sale, with a fine of $400.00.

The State's Attorney has filed the following brief in this cause:

"Appellant was charged by complaint and information in the County Court of Grayson County, Texas, with the offense of possessing whisky for the purpose of sale in a dry area. The State established by its evidence that certain officers, armed with a search warrant, searched appellant's premises on the 14th day of March, 1947, and recovered fourteen pints of assorted whisky.

"The appellant offered no evidence. The jury returned a verdict of guilty, and assessed appellant's punishment at a fine of $400.00.

"By proper allegation in the complaint and information, the State pled that Grayson County was a dry area, but we find no evidence in the record proving or tending to prove that said county was a dry area. We submit that it was incumbent upon the State to not only allege but to prove, if it could, that Grayson County was a dry area. See Trapp v. State, 145 Tex. Cr. R. 235, 167 S. W. (2d) 525; Brown v. State, 117 S. W. (2d) 107; Sweeten v. State, 120 S. W. (2d) 1074; Phariss v. State, 126 S. W. (2d) 981.

"The State therefore respectfully submits that said cause should be reversed and remanded."

The suggestion is justified by the record. It was incumbent upon the State to make out its case, which it did not do.

The judgment of the trial court is reversed and the cause is remanded.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for a rehearing which is accompanied by a supplemental statement of facts supplying the omissions from the one originally filed, which omissions therein resulted in a reversal of the judgment of conviction.

It has been the consistent holding of this Court that a statement of facts could not be amended or supplemented by either party after the record has reached the appellate court. The original statement of facts was examined by the county attorney as well as by the attorney for appellant and was agreed to by both parties which was approved by the trial court as a true and complete statement of the facts proven on the trial. We do not doubt the correctness of the State's contention that it was stipulated at the beginning of the trial that Grayson County was a dry area, however, we are not authorized to consider the supplemental statement of facts. See Weeks v. State, 134 Tex. Cr. R. 69 (113 S. W. (2d) 532) ; and McConnell v. State, 85 Tex. Cr. R. 409 (212 S. W. 498).

The State's motion for rehearing is overruled.

Opinion approved by the Court.