ELGIN MEANS V. STATE.

No. 24200. December 22, 1948.
Appellant's Motion for Rehearing Overruled (Without
Written Opinion) February 16, 1949.

*Owen F. Watkins,* Mexia, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The jury found appellant guilty of the offense of selling whisky in a dry area and assessed a penalty of $250.00 fine and five days in jail.

A representative of the liquor control board registered in the hotel where appellant was a porter, or bell-boy. Upon going to his room, the inspector asked the appellant to bring him some whisky, which he agreed to do. He delivered to the inspector a pint of whisky for which he received $5.00. This is the state's case. Appellant denied it, and his denial constitutes the defense. The jury had sufficient evidence upon which to base their verdict.

In his brief appellant complains of two instances of the in-

troduction of testimony, but we find no bills of exception in the record complaining of such. We note the concluding paragraph in the statement of facts recites that the attorneys for the state and defendant agree that certain sections in defendant's motion for a new trial contained objections and exceptions and then says that these "constitute bills of exceptions to the rulings of the court on the issues of law presented in said paragraph of said motion for a new trial." The statements of facts containing such quoted matter is approved by the court. This does not comply with the law for the preparation and presentation of bill of exceptions. The matters recited will not be considered. Arts. 667 and 760 Vernon's Ann. C. C. P.

It is further contended that the evidence is insufficient because of the failure of the documentary evidence to show that the order declaring the results of the election for the prohibition of intoxicating liquors in Limestone County was published in a newspaper, as required by law, and that a return showing such publication was not made by the sheriff. We are referred to a number of cases, including Whatley v. State, 207 S. W. (2d) 402.

Apparently counsel fails to understand the purport of these cases. In each of these cases there was no evidence of any publication by any one. An examination of the record in the instant case discloses that the county judge was directed to publish the order declaring the results of the election, that he selected a newspaper, and further, the judge certifies that it was published for a period of time as required by law. The attack here made on that order is a collateral attack and cannot be sustained. Roberts v. State, 144 S. W. 940; Watson v. State, 122 S. W. (2d) 311. From the latter case we quote:

"If the certificate of the county judge certifying the publication was in the record, and that certificate was to the effect that the law had carried and had been duly published, it would have been prima facie evidence of the fact that all requisite steps had been taken to place the law in force."

The certificate of the county judge in the record now before us is prima facie proof of the publication of the order declaring the results of the election.

Finding no reversible error in the record, the judgment of the trial court is affirmed.