JIMMY SPENCER V. STATE.

No. 24508. November 30, 1949.
Appellant's Motion for Rehearing Denied (Without Written Opinion)
January 4, 1950.

*Grady L. Fox*, Amarillo, and *Billy Hall*, Littlefield, for appellant.

*George P. Blackburn*, State's Attorneye, Austin, for the state.

DAVIDSON, Judge.

Transporting whisky in a dry area is the offense, the punishment, a fine of $1,000 and sixty days in jail.

While driving his car upon a public highway in Lamb County, appellant was apprehended by peace officers. In the car was a large quantity of whisky. Appellant, as a witness in his own behalf, testified that he had purchased the whisky in Amarillo, Texas, a wet area, and was transporting it to Odessa, Texas, for his own use.

This defense was pertinently submitted to the jury and, by the jury, rejected.

To show that Lamb County was a dry area within the meaning of the Liquor Control Act, the state relied upon the order of the commissioners' court canvassing the election returns and declaring the result, and the certificate of the county judge showing publication by posting of certified copies of the order declaring the result of the election and putting prohibition into effect, as provided by law.

Appellant challenges the sufficiency of the evidence to show that Lamb County was a dry area because no order of the commissioners' court, calling the election, was introduced in evidence. To support his contention, appellant relies upon opinions by this court wherein we held that, in order to show the dry status of an area, the statutory provisions precedent to putting local option into effect must be complied with, including the order calling the election. See Watson v. State, 135 Tex. Cr. 632, 122 S. W. 2d 311; Duran v. State, 143 Tex. Cr. R. 177, 158 S. W. 2d 315; Brown v. State, 135 Tex. Cr. R. 3, 117 S. W. 2d 107.

There is no question but that the rule stated is a correct proposition of law, and any departure therefrom is disclaimed. We have not, however, held that proof of the order or certificates mentioned cannot be supplied by secondary evidence.

In the instant case, the order declaring the result contains the following:

"The Court having met for the purpose of opening the polls and counting the votes and declaring the result of an election held in said Lamb County, Texas, at all the regular voting places in the different voting precincts of said county on the 30th day of December, A. D. 1916, said election being held for the purpose of determining whether or not the sale of intoxicating liquors should be prohibited in said Lamb County, Texas, as provided in Title LXXXVIII (88) Revised Civil Statutes 1911 of the State of Texas, and the court finds that there has not been an election held and the result declared and published in said Lamb County, Texas, for the same purpose this election was held for more than two years next preceding the holding of this election, and it further appearing to the court that at least five copies of the order for said election held on the 30th day of December 1916 were posted at five different public places in said County for at least Twelve days prior to the day of said election as the law directs, and that the court being opened according to law, proceeded to open, and did open, the polls of said election returns being in due form and regularly certified to by the officers of said election, and the court proceeded to canvass and count the votes cast at said election the court finds that there were cast a total of 133 votes at said election, and that 104 of said votes were cast for Prohibition, and that 29 of said votes were cast against Prohibition, and the court finds that the result of said election was a majority of 75 votes in favor of prohibition."

The conclusion is expressed that the portion of the order quoted is sufficient to establish a prima facie showing that the election was duly called and ordered by the commissioners' court, especially in the absence of a contrary challenge by appellant under the facts.

We cannot find ourselves in the position of saying that the commissioners' court of Lamb County canvassed the returns and declared the result of an election which they had not called. Such would be the case if appellant's contention were sustained.

Appellant claims that the search of his automobile, result-

ing in the finding of the whisky therein, was illegal and without authority. Inasmuch as appellant testified that he had the possession of and was transporting the whisky for his own use, this question passes out of the case under the rule that an accused cannot complain of the admission of testimony where he testifies to the same fact. See Soble v. State, 153 Texas Crim. Rep. 629, 218 S. W. 2d 195.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.