## A. A. TIPTON V. STATE.

No. 24667. March 1, 1950.

*McCarthy, Collins & Snodgrass* and *George S. McCarthy,* Amarillo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of transporting whiskey in a dry area, and his punishment was assessed by the jury at 75 days' confinement in the county jail and a fine of $600.

The record is before us without a statement of facts and there are no bills of exception.

Appellant contends that the information is fatally defective for failure to allege that the election which resulted in fixing the status of Hockley County as a dry area was properly ordered by the commissioners' court.

We overrule such contention.

The information alleges the transportation of whiskey in Hockley County "after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of such intoxicating liquor should be prohibited in said county and such election had resulted in favor of prohibiting the sale of such intoxicating liquor in said county and the commissioners' court of said county had canvassed the election returns, and had duly made, passed and entered its order declaring the result of said election prohibiting

the sale of such intoxicating liquor in said county, as required by law, which said order had been published for the time and in the manner required by law in force at the time of said election; said election having heretofore been held on the 28th day of December, A. D. 1940, and the sale of said type of alcoholic beverage has not been legalized in said political subdivision by any local option election held in such political subdivision since said time."

Such form of pleading was suggested by this court as correct and proper in the case of Shaffer v. State, 131 Tex. Cr. R. 427, 99 S. W. 2d 929. See also Humphreys v. State, 131 Tex. Cr. R. 383, 99 S. W. 2d 600.

As stated by Judge Davidson in Spencer v. State, 154 Tex. Cr. R. 106, 225 S. W. 2d 174:

"We cannot find ourselves in the position of saying that the Commissioners' Court * * * canvassed the returns and declared the result of an election which they had not called."

Our attention is directed to the case of Brown v. State, 135 Tex. Cr. R. 3, 117 S. W. 2d 107, and to the more recent case of Whatley v. State, 151 Tex. Cr. R. 358, 207 S. W. 2d 402.

Such cases, in so far as they may be construed as announcing a rule of pleading contrary to that here approved, are overruled.

The judgment is affirmed.

Hawkins, Presiding Judge, absent.

Opinion approved by the court.