### E. M. FLETCHER V. STATE.

No. 24695. March 15, 1950.
Rehearing Granted April 19, 1950.

*W. M. Tucker*, Wellington, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty by the verdict of a jury of the

sale of whiskey in a dry area, the punishment being assessed at a fine of $100.

No judgment is found in the record, in the absence of which this court is without jurisdiction of the appeal.

The appeal is therefore dismissed.

Opinion approved by the court.

### ON MOTION FOR REHEAR.NG.

GRAVES, Judge.

On the original submission of this case, no final judgment was present in the record. This omission has now been cured by a certified copy of a judgment herein, entered at the proper time and inadvertently left out of the record. We, therefore, proceed to consider the case upon the record.

It appears from the bills of exception that no proof of the dry area of the county was offered and none is found in the statement of facts. It is shown that the county attorney requested the jury to take into their retirement a certain book of the commissioners' court minutes and turn to page 193 and to read the proceedings of the prohibition election showing the county to be dry. These minutes were not introduced and are not found in the record. In their absence, we have no proof of the dry status of the county. See Jones v. State, 154 Tex. Crim. Rep. 88, 225 S. W. (2d) 190; Brigham v. State, 154 Texas Crim. Rep. 55, 225 S. W. (2d) 176; Lawrence v. State, 151 Tex. Cr. R. 621, 210 S. W. (2d) 159; McQueen v. State, 144 Tex. Cr. R. 269, 162 S. W. (2d) 703, and cases cited.

This proof is necessary in a case of this character, and for the failure to make such proof the motion for rehearing is granted, the order dismissing this cause is set aside, and the judgment is now reversed and the cause remanded.