TICE SISK *v.* STATE

No. 25348. June 13, 1951.

Hon. R. L. Templeton, Judge Presiding.

*W. M. Tucker*, Wellington, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for the sale of liquor with a fine of $250.00 imposed in the judgment in consequence of a jury verdict.

The evidence is sufficient to sustain the jury's finding that appellant sold a pint of liquor at his home, during the night, for a consideration of $4.00.

The question raised by the brief and argument of appellant in this case attacks the validity of the judgment on the ground that it is based on an indefinite and uncertain verdict of the jury. The question presented is quite novel and would justify a lengthy discussion if the facts of the case otherwise supported the verdict. We have come to the conclusion, however, that the facts are insufficient.

The complaint and information allege that the sale was

made in a dry county, the result of an election the returns of which had been in favor of prohibition, that the canvass was made of the returns, the results declared and all subsequent orders thereto had been entered. This is in accordance with law. We note, however, that the only proof offered on the subject was by the county clerk who produced Vol. 3 of the Commissioners Court Minutes of Collingsworth County and testified therefrom that beginning on page 193 of the book it is shown that an election was held on June 28th, 1913, to determine whether or not intoxicating liquor should be sold in said county; in said record it is shown "that such election returns were canvassed, and the results of the election declared. The result of the canvass of the returns shows that there were 393 for prohibition and 113 against prohibition." There is no proof of any subsequent orders, or action of the court whatsoever, having been made.

Judge Graves said, in Brown v. State, 135 Texas Cr. R. 3, 117 S.W. 2d 107, in very positive and concise language, that proof of all facts alleged necessary to the conviction must be made by the state. We quote: "There is no way that we can know whether or not the sale of intoxicating liquor has been prohibited in certain localities except from proof thereof, and we have repeatedly held that it is necessary not only to allege by proper averments the calling of an election to determine such question, its result and the necessary orders thereafter, but also to prove such matters, in order that it might be shown that such an area was a dry area. See Humphreys vs. State, 131 Tex.Cr.R. 383, 99 S.W. 2d 600; Green v. State, 131 Tex. Cr.R. 552, 101 S.W. 2d 241; Cunningham v. State, 132 Tex. Cr. R. 63, 102 S.W. 2d 413; Stewart v. State, 132 Tex.Cr.R. 79, 102 S.W. 2d 416; Baldridge v. State, 132 Tex.Cr.R. 590, 106 S.W. 2d 700."

Because of the failure of the proof to sustain the allegation, the judgment of the trial court is reversed and the cause is remanded.