ROBERT LEE KERNELL V. STATE

No. 29,007. June 5, 1957.

*Chas H. Dean,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the unlawful transportation of whiskey in a dry area; the punishment, twenty days in jail and a fine of $300.00.

Our able state's attorney confesses error, herein, and we agree.

The state introduced in evidence the order calling the prohibition election and the order canvassing the results of such election, and nothing further, even though the appellant called the court's attention to the fact that the dry status of the county had not been proven.

Langston v. State, 146 Texas Cr. Rep. 35, 171 S.W. 2d 371, is here controlling. Therein, we said:

"The record is silent as to whether there ever had been any publication of the proclamation declaring the results of the election. Under the authorities, there seems to be no doubt that the evidence is insufficient to show the commission of an offense. See Ellis v. State, 59 Texas Cr. Rep. 626, p. 629, on motion for rehearing, 130 S.W. 170; Craig v. State, Texas Cr. App., 167 S.W. 2d 523. This court has held many times that proof must be made, not only of the election and the result thereof, but it must be followed by a proclamation of the result of the election duly published or posted in the manner and form and for the length of time required by law. Until that is done, the law does not become effective. See Ellis v. State, supra; also Jackson v. State, 70 Texas Cr. Rep. 582, 157 S.W. 1196; Walker v. State, 135 Texas Cr. Rep. 536, 163 S.W. 71, 72; Watson v. State, 135 Texas Cr. Rep. 632, 122 S.W. 2d 311; Baldridge v. State, 132 Texas Cr. Rep. 690, 106 S.W. 2d 700; Gallagher v. State, 142 Texas Cr. Rep. 133, 151 S.W. 2d 819; Craig v. State, supra."

Upon another trial, appellant's requested charge on circumstantial evidence should be given.

Because the evidence is insufficient to prove that the area was dry, the judgment is reversed and the cause remanded.