TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00358-CR







Sandra Sue Ferguson, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 97CR-515, HONORABLE FRED R. CLARK, JUDGE PRESIDING








 Appellant Sandra Sue Ferguson was convicted of a misdemeanor offense of driving
a motor vehicle in a public place while intoxicated. See Tex. Penal Code Ann. § 49.04 (West
1994 & Supp. 1999). The trial court assessed appellant's punishment, enhanced by a prior driving
while intoxicated conviction, at confinement in the county jail for 365 days and a fine of $750, and
placed appellant on community supervision for 24 months. (1)

 On appeal, in three points of error, appellant complains of the trial court's jury
charge. We will sustain appellant's third point of error, reverse the judgment, and remand the
cause to the trial court.

 The record shows that the State's case is supported by the testimony of the arresting
officer and another witness who unsuccessfully attempted to administer to appellant an intoxilyzer
test. The witnesses noticed the smell of an alcoholic beverage on appellant's breath. Appellant
was uncoordinated and unable to maintain her balance. She drove in an erratic manner exceeding
the speed limit. She drove for approximately five miles before stopping for the officer attempting
to stop her. Appellant testified and admitted that, although she was not intoxicated, while she was
in a bar she had consumed two drinks containing vodka. One of those drinks was given to her by
a man she did not know. After consuming the drink given to her by the stranger, she left the bar. 
Ten minutes later, while she was driving her vehicle, she became ill. She declared there was no
other explanation for her becoming ill than that the stranger had placed some drug in her drink. 
She testified that, although she became ill, two drinks would not have caused her to become
intoxicated.

 In point of error three, appellant asserts that the trial court erred in overruling her
objection to the definition of the word "intoxicated" that was included in the court's charge. 
Appellant urges that this error in the charge was harmful and deprived her of a fair trial. The
State responds that: "The trial court properly overruled the specific objection made by appellant
requesting the deletion of all intoxicants except alcohol in the jury charge, or alternatively, any
error was harmless." The State also argues, inconsistently, that appellant's objection was
insufficient. We find that the record shows, and that the State has acknowledged, appellant made
a timely specific objection to the court's jury charge. The record shows affirmatively that the trial
court understood the objection. Therefore, appellant's third point of error was preserved in the
trial court for appellate review.

 The statute in pertinent part defines the word "intoxicated" as
follows: "'Intoxicated' means:  not having the normal use of mental or physical faculties by reason
of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination
of two or more of those substances, or any other substance into the body." Tex. Penal Code Ann.
§ 49.01(2)(A) (West 1994). The trial court in its jury charge defined "intoxicated" as follows:


By the term "intoxicated," as used herein, is meant not having the normal use of
one's physical or mental faculties by reason of the introduction of ALCOHOL, A
CONTROLLED SUBSTANCE, A DRUG, A SUBSTANCE OR ITS VAPORS
THAT CONTAIN A VOLATILE CHEMICAL, AN ABUSABLE GLUE, OR AN
AEROSOL PAINT, OR A COMBINATION OF TWO OR MORE OF THOSE
SUBSTANCES into the body.



(Emphasis supplied). In the application paragraph of the charge the court merely used the word
"intoxicated" leaving the jury without any other definition. Therefore the court's definition of
"intoxicated" was incorporated in the application paragraph of the court's jury charge. The statute
does not include within its definition of "intoxication" the words "a substance or its vapors that
contain a volatile chemical, an abusable glue, or an aerosol paint." Furthermore, the record
contains no evidence that appellant's alleged mental or physical faculties had been impaired by
reason of the use of "a substance or its vapors that contain a volatile chemical, an abusable glue,
or an aerosol paint."

 The court's jury charge definition of "intoxication" was not the statutory definition
and was not justified by the evidence. Because the appellant's objection to the erroneous charge
was timely and specific, reversible error is presented if the appellant suffered "some harm" from
the submission of the erroneous jury charge. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984); Jiminez v. State, 953 S.W.2d 293, 299 (Tex. App.--Austin 1997, no pet.). 
The definition that was submitted appears on its face to be harmful, but in view of the entire
record it undoubtedly resulted in harm more egregious than "some harm."

 The information in the record supported by complaint reads:


IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS



I, the undersigned authority representing the office of the County Attorney of
Comal County, in said State on the written affidavit of MAX WOMMACK, JR., a
competent and credible person herewith filed in the County Court at Law of Comal
County, Texas, do present in and to said Court that before the making and filing
of this information and on or about the 6th day of December, 1996 in the County
of Comal and the State of Texas, SANDRA SUE FERGUSON, hereinafter referred
to as "Defendant" did then and there drive and operate a motor vehicle in a public
place in Comal County, Texas, while intoxicated, to-wit:  while not having the
normal use of mental or physical faculties, by reason of the introduction of alcohol,
a controlled substance, a drug, a dangerous drug, a combination of two or more of
those substances or any other substance into the body.

AGAINST THE PEACE AND DIGNITY OF THE STATE.



(Emphasis supplied).

 However, when, as required by Article 36.01 of the Code of Criminal Procedure,
the prosecutor read the information to the jury, he read:


THE COURT: All right. So we're ready to proceed. I'd like the State to read the
charging instrument, the information, the complaint; and then we'll take the
Defendant's plea. Proceed.


[Prosecutor]: In the name and by authority of the State of Texas, I, the undersigned
authority, representing the office of the Criminal District Attorney of Comal
County, in said State, on the written affidavit of Jo Ann Hackney, a competent and
credible person herewith filed in the County Court at Law of Comal County,
Texas, do present in and to said court that, before the making and filing of this
information and on or about to 6th day of December, 1996, in the County of Comal
and the State of Texas, Sandra Sue Ferguson, a/k/a Sandra Sue Walker, Defendant,
did then and there drive and operate a motor vehicle in a public place, while
intoxicated, when the Defendant did not have the normal use of her mental and
physical faculties by reason of the introduction of alcohol, a controlled substance,
a drug, a substance or its vapors that contain a volatile chemical, an abusable
glue, or an aerosol paint, or a combination of two or more of those substances into
the body, against the peace and dignity of the State.


THE COURT:  And the plea of Ms. Ferguson, please?


[DEFENSE COUNSEL]:  Not guilty, your Honor.


THE DEFENDANT:  I am not guilty.



(Emphasis supplied). No objection was made to the prosecutor's reading of the information. (2)

 The State argues that because there was no evidence of "a substance or its vapors
that contain a volatile chemical, an abusable glue, or aerosol paint," the court's charge was
harmless error. Because appellant objected to the charge, the inclusion of these substances in the
charge could not have been mere inadvertence. If we were to hold that this charge presents only
harmless error, it would establish a precedent allowing the naming of any substance in the charge
regardless of the absence of evidence and even over objection. We cannot agree with the State's
harmless error argument. (3)

 The judgment is reversed and the cause is remanded to the trial court.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Reversed and Remanded

Filed: July 15, 1999

Publish






* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. This is the punishment clearly stated in the judgment. However, in their briefs, appellant
and the State disagree on the punishment assessed, and neither agrees with the punishment stated
in the judgment.
2. Although not recognized by the parties, this record raises other issues. It appears that the
information supported by complaint that was read to the jury and upon which appellant was tried
is not in the record. This would generally require reversal. See Risinger v. State, 117 S.W.2d
109 (Tex. Crim. App. 1938); Elliot v. State, 94 S.W.2d 744, 745 (Tex. Crim. App. 1936). 
Compare Humphreys v. State, 99 S.W.2d 600 (Tex. Crim. App. 1937). If, on the other hand,
appellant was tried on the information and complaint appearing in the record, and the information
was not read to the jury, this would require reversal of the judgment. See Boening v. State, 422
S.W.2d 469, 472 (Tex. Crim. App. 1968); Johnson v. State, 42 S.W.2d 782, 782-83 (Tex. Crim.
App. 1931).
3. Although not cited by either party, we have considered and are able to distinguish from the
instant case the following cases: Sutton v. State, 899 S.W.2d 682 (Tex. Crim. App. 1995); Heard
v. State, 665 S.W.2d 488 (Tex. Crim. App. 1984); Danicek v. State, 875 S.W.2d 770 (Tex.
App.--Austin 1994, pet. ref'd).



t Law of Comal County,
Texas, do present in and to said court that, before the making and filing of this
information and on or about to 6th day of December, 1996, in the County of Comal
and the State of Texas, Sandra Sue Ferguson, a/k/a Sand